USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4-10-08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------X

IN RE VIVENDI UNIVERSAL, S.A. SECURITIES LITIGATION : 02 Civ. 5571 (RJH)(HBP)

: ORDER

-----------------------------------X

PITMAN, United States Magistrate Judge:

A conference having been held in this matter on April 3, 2008 during which various discovery disputes were discussed, for the reasons stated on the record in open court, it is hereby ORDERED that:

1. Except as noted in the following sentence, defendants' objections to the Individual Plaintiffs' documents requests 9 and 17 are sustained based on the representation of defendants' counsel that the Salans memo (VUS03186143-47) has been produced. No later than April 15, 2008 Hannezo shall produce, in the action(s) in which he is a party, the memorandum that he submitted to the COB.

2. No later than April 15, 2008, Vivendi is directed to produce the partial arbitration award from the London arbitration in response to the Individual Plaintiffs' document request 10. In the event that additional documents are sought pursuant to document request 10, Vivendi retains the right to assert

relevance, burden or privileged objections and all other parties retain the right to make all applicable arguments in opposition to such objections.

3. Vivendi's objection to the Individual Plaintiffs' document request 11 is sustained on the basis of Vivendi's counsel's representation that a reasonably diligent search has been conducted and all responsive materials have been produced.

4. Vivendi is to identify, by Bates number, documents responsive to the Individual Plaintiffs' document request 12. The documents identified by Vivendi need not be a complete list; Vivendi retains the right to offer, on motion or at trial, additional documents that might be deemed responsive to request 12. Vivendi shall, however, identify a sufficient number of documents to allow me to conclude that there has been more than token production in response to request 12.

5. Vivendi is to identify, by Bates number, documents responsive to the Individual Plaintiffs' document requests 13, 14 and 19.[1] The documents identified by Vivendi need not be a complete list;

[1]To the extent this Order refers to Individual Plaintiffs' document request 19, it is limited to documents concerning earnings management.

Vivendi retains the right to offer, on motion or at trial, additional documents that might be deemed responsive to these requests. Vivendi shall, however, identify a sufficient number of documents to allow me to conclude that there has been more than token production in response to these requests. In the event that additional documents are sought pursuant to these requests, Vivendi retains the right to assert relevance, burden or privileged objections and all other parties retain the right to challenge such assertions.

6. Vivendi's objections to Individual Plaintiffs' documents requests 15 and 16 are sustained on the basis of Vivendi's counsel's representation that responsive documents are no longer in Vivendi's possession custody or control.

7. Vivendi's objections to Individual Plaintiffs' documents request 18 are sustained on the basis of Vivendi's counsel's representation that there are no responsive documents in Vivendi's possession custody or control that are not protected by the work product doctrine.

8. At future depositions, all counsel should refrain from asking witnesses questions about documents

unless there is a good faith basis to believe that the witness has some knowledge concerning the subject matter of the document.

9. To the extent Vivendi witnesses have already been questioned concerning the Cegetel or Maroc Telecom transactions, counsel for the Individual Plaintiffs should not pose deposition questions that explore areas that have already been raised with the witness. To the extent there aspects of these transactions that a witness has not been asked about, counsel for the Individual Plaintiffs may ask that witness about those areas.

10. During the course of the conference, counsel for the Individual Plaintiffs agreed to provide greater detail concerning Topic 4 of its 30(b)(1) notice of deposition.

11. Vivendi's objection to Topic (d) in the notice of deposition of Dominique Gilbert is sustained. I have reviewed the deposition pages cited by Vivendi and conclude that this topic was adequately covered in the prior deposition of Mr. Gilbert.

12. The presumptive time limit of the depositions the Individual Plaintiffs will take in France is seven (7) hours, without prejudice to the right of any party

to seek an order shortening or extending this time period.

13. The presumptive time limit of Messier's deposition is three and one-half (3 1/2) hours, without prejudice to the right of any party to seek an order shortening or extending this time period.

14. Counsel for all parties in the consolidated actions may attend the depositions conducted by the counsel for the Individual Plaintiffs, provided that only counsel for the Individual Plaintiffs may actually pose questions at those depositions. Nothing in this paragraph is limits the right of any counsel to consult with any other counsel.

15. At the conference held on April 3, 2008, counsel for the Individual Plaintiffs was directed to identify the discrepancies referenced in topic 2 of their notice of deposition pursuant to Fed.R.Civ.P. 30(b)(6) by April 8, 2008.

16. Topics 5-10 of the Individual Plaintiffs' notice of deposition pursuant to Fed.R.Civ.P. 30(b)(6) are withdrawn without prejudice.

17. Vivendi's objections to Interrogatories 21 and 22 served by the Individual Plaintiffs are sustained.

18. Individual Plaintiffs' Interrogatories 2-17 and 19 are stricken. No later than May 15, 2008, the Individual Plaintiffs are directed to identify each alleged misrepresentation or omission on which they rely in support of their claims. No later than June 15, 2008, defendants are directed to identify which defenses (advice of counsel, truth, etc.) apply to each misrepresentation omission.

19. Hannezo is not subject to discovery as a party in any action in which he has not been properly served. Nothing in this Order modifies or contravenes the provisions of Judge Holwell's January 7, 2008 Order.

20. The Individual Plaintiffs are granted leave to compel a response to their Interrogatory 20.

21. Defendants' application to compel the Individual Plaintiffs to restore and search back-up tapes is denied without prejudice. Any renewed application must make the showing of good cause required by Fed.R.Civ.P. 26(b)(2)(B) as to each Individual Plaintiff from which back-up tape information is sought.

22. No later than April 25, 2008, Indexchange is to produce hard copies of 75 trading orders for Vivendi

stock. Vivendi is directed to identify the 75 samples it seeks no later than April 14, 2008.

23. No later than April 25, 2008, the Individual Plaintiffs are directed to produce all internal documents reflecting their investment policy during the relevant time period.

24. Decca's objection to Vivendi's request for documents concerning meeting between clients or funds and its invest committee is sustained.

25. No later than April 25, 2008, Oppenheim Asset Management ("OAM") is to produce all documents, other than e-mails, that Ms. Gabriel reviewed in preparation for her deposition as OAM's 30(b)(6) witness. If OAM contends that these documents have already been produced, OAM is to identify them by Bates number or other means sufficient to permit the other parties to readily identify them. With respect to e-mails, OAM is to produce to produce all e-mails Ms. Gabriel received and reviewed or relied on in connection with her deposition as a 30(b)(6) witness.

26. No later than April 25, 2008, OAM is to produce its investment committee meeting minutes for the time period for which it is seeking damages.

27. No later than April 25, 2008, counsel for OAM

is to produce or identify with specificity the prospectuses for the funds listed on the deposition preparation document created by Ms. Gabriel.

28. Counsel for OAM is directed to use its best efforts to obtain and produce the documents relied on by external fund managers that worked with OAM in making their decisions to purchase Vivendi stock.

29. Defendants' application to compel OAM to produce documents relied on by Ms. Gabriel concerning damages is denied on the basis of OAM's representation that no responsive documents exist.

30. Counsel for Universal is directed to use its best efforts to obtain and produce the minutes of Universal's investment committee meetings conducted during the period for which Universal seeks damages.

31. Vivendi's application to compel production of complete versions of documents from which non-responsive information is denied.

32. Counsel for the Individual Plaintiffs were directed at the April 3, 2008 conference to provide firm dates for the depositions of all Individual Plaintiffs no later than April 8, 2008. With respect to all Individual Plaintiffs who have not yet been deposed, document production for those plaintiffs must

be completed sufficiently in advance of that plaintiff's deposition to permit defense counsel to make use of the documents at the deposition. With respect to Individual Plaintiffs who have already been deposed and whose document production is incomplete, such plaintiffs shall complete their document production no later than April 25, 2008.

Dated: New York, New York
April 10, 2008

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel