UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

IN RE VIVENDI UNIVERSAL, S.A.
SECURITIES LITIGATION

This Document Relates To:

| | | |
|---|---|---|
| 07 Civ. 7370 | 07 Civ. 7775 | |
| 07 Civ. 7776 | 07 Civ. 7778 | |
| 07 Civ. 7779 | 07 Civ. 7863 | |
| 07 Civ. 7803 | 07 Civ. 8208 | |
| 07 Civ. 8156 | 07 Civ. 9229 | 02 Civ. 5571 (RJH) (HBP) |
| 07 Civ. 8830 | 07 Civ. 9593 | |
| 07 Civ. 10578 | 07 Civ. 10954 | **MEMORANDUM OPINION AND** |
| 07 Civ. 10995 | 07 Civ. 11092 | **ORDER** |
| 07 Civ. 11483 | 07 Civ. 11305 | |
| 07 Civ. 11485 | 07 Civ. 11484 | |
| 08 Civ. 0024 | 07 Civ. 11628 | |
| 08 Civ. 0117 | 08 Civ. 0116 | |
| 08 Civ. 1111 | 08 Civ. 0418 | |
| 08 Civ. 1973 | 08 Civ. 0950 | |
| 08 Civ. 1975 | 08 Civ. 1938 | |
| 08 Civ. 1983 | 08 Civ. 1974 | |
| 08 Civ. 1985 | 08 Civ. 2214 | |
| 08 Civ. 2166 | 08 Civ. 2056 | |
| 08 Civ. 2057 | 08 Civ. 2058 | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Defendant Guillaume Hannezo moves under Federal Rules of Civil Procedure 12(b)(5) for dismissal of the above-captioned actions for failure to serve him with a complaint. For the reasons stated below, the Court grants Hannezo's motion without prejudice for all the above-captioned actions except for actions 08 Civ. 2166, 08 Civ. 2057, 08 Civ. 2214, 08 Civ. 2056, and 08 Civ. 2058. For those actions, the Court directs plaintiffs to serve Hannezo within 60 days.

Following their exclusion from the class, certain purchasers of Vivendi stock or their representatives (the "Individual Plaintiffs") brought the above-captioned actions against Vivendi,

Hannezo, and Jean-Marie Messier on theories of recovery very similar to those of the class.  The Individual Plaintiffs brought the above-captioned actions at various times.  The actions were eventually consolidated with the class by the Court's order signed January 7, 2008.  This same order also provided that:  (1) "Absent agreement among the parties or further application to the Court, Individual actions filed after February 28, 2008 shall be stayed pending trial of the consolidated actions"; and (2) "If the Individual Plaintiffs are unable to effect service pursuant to The Hague Convention by June 1, 2008 [on defendant Hannezo] they may apply to the Court for permission to make alternate service."  Five complaints were filed after February 28, 2008 and were automatically stayed:  08 Civ. 2166, 08 Civ. 2057, 08 Civ. 2214, 08 Civ. 2056, and 08 Civ. 2058.

The parties do not dispute that as of June 1, 2008, only one complaint had been properly served on Hannezo, namely the complaint in *Capitalia Asset Management SGR, S.p.A. v. Vivendi Universal, S.A.*, 07 Civ. 5742.  No application was ever made to this Court for alternate service.  Individual Plaintiffs admit that the earliest any attempt was made to serve Hannezo in accordance with the Hague Convention was May 29, 2008.  On June 26, 2008, plaintiffs finally succeeded in serving 20 complaints on Hannezo, and on July 11, 2008 they succeeded in serving an additional seven.  To the Court's knowledge, no additional complaints have been served.

Rule 4(m) of the Federal Rules of Civil Procedure states that:

If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

The Court of Appeals has held that the exception set forth in the last sentence of the rule is not applicable when service is not even attempted on a defendant in a foreign country.  *USHA*

*(India), Ltd v. Honeywell Int'l, Inc.*, 421 F.3d 129, 133-34 (2d Cir. 2005); *Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737, 740 (S.D.N.Y. 1985).

As an initial matter, the Court finds that plaintiffs did not attempt service within the 120 day window and therefore that the last sentence of Rule 4(m) does not apply.  The only conceivable "attempt" to serve Hannezo prior to the Court's June 1, 2008 deadline was in action 07 Civ. 7370, in which the 120 day limit had long since expired.  Furthermore, the Court finds that plaintiffs have not demonstrated "good cause" and therefore that the Court is not required to extend plaintiffs time to serve.  The only real obstacle to service appears to have been the time-consuming task of translating the complaints into French.  However, as is plain from plaintiffs' own submissions, plaintiffs knew as early as February 6, 2008 that they might not be able to successfully serve Hannezo by June 1, 2008, and yet they still did not apply to the Court for additional time.

Given the absence of good cause and the failure to even attempt service within the 120 day period, the Court concludes that dismissal without prejudice is the appropriate action for the above-captioned complaints save those that were automatically stayed.  While the Court may "order that service be made within a specified time" even when good cause is not shown, Individual Plaintiffs have, in essence, already had their chance.  Although the Court's January 7, 2008 order did not specifically extend the time to serve Hannezo, it was at least reasonable to assume such an extension for plaintiffs whose 120 day period expired prior to June 1, 2008.  It was not reasonable, however, to assume that, in such a complex litigation, plaintiffs could indefinitely postpone service on Hannezo given the clear assertion of his rights and the Court's clear directive to apply for more time if it was needed.  Furthermore, it strains credulity to hear

3

plaintiffs argue that they thought "it imprudent to burden the Court" with an application for more time in light of the avalanche of paper they have previously visited on the Court.

The same cannot be said of the stayed actions. The Court's January 7, 2008 order did in fact stay the actions upon "filing" of the late complaints "[a]bsent agreement among the parties". Service on defendants Vivendi and Jean-Marie Messier by consent of their attorneys did not violate the stay because such constituted "agreement among the parties". At the very least, the Court finds that reliance on the order's language constitutes good cause under Rule 4(m).

Accordingly, Hannezo's motion is GRANTED and the above captioned actions are dismissed without prejudice save for the stayed actions. The stayed plaintiffs' motion to lift the stay is GRANTED, but only for the purposes of serving Hannezo—for all other purposes the actions remain stayed. However, in light of the adjournment of the trial date to September 29, 2009, any party may move to lift the stay on the grounds that such a step would be efficient. The stayed plaintiffs must serve Hannezo within 60 days of the date of this order or their actions will be dismissed.

SO ORDERED.

Dated: New York, New York
       March 16 2009

                                             Richard J. Holwell
                                             United States District Judge

4