UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE VIVENDI UNIVERSAL, S.A. SECURITIES LITIGATION | : : No. 02 Civ. 5571 (RJH) (HBP) |
| This Document Relates to: | : : |
| 02 Civ. 5571   07 Civ. 9229    08 Civ. 0116 | : |
| 07 Civ. 5742   07 Civ. 9593    08 Civ. 0117 | : |
| 07 Civ. 7370   07 Civ. 10578   08 Civ. 1938 | : |
| 07 Civ. 7775   07 Civ. 10954   08 Civ. 1985 | : |
| 07 Civ. 7776   07 Civ. 10995   08 Civ. 0418 | : |
| 07 Civ. 7778   07 Civ. 11092   08 Civ. 0950 | : |
| 07 Civ. 7779   07 Civ. 11305   08 Civ. 1111 | : |
| 07 Civ. 7803   07 Civ. 11483   08 Civ. 1973 | : |
| 07 Civ. 7863   07 Civ. 11484   08 Civ. 1974 | : |
| 07 Civ. 8156   07 Civ. 11485   08 Civ. 1975 | : |
| 07 Civ. 8208   07 Civ. 11628   08 Civ. 1983 | : |
| 07 Civ. 8830   08 Civ. 0024 | : : |

**INDIVIDUAL PLAINTIFFS' MEMORANDUM OF LAW IN
SUPPORT OF THEIR MOTION FOR A SEPARATE TRIAL
<u>ON INDIVIDUALIZED ISSUES RELATING TO DAMAGES</u>**

**MOTLEY RICE LLC**
20 Church Street, 17th Floor
Hartford, CT 06103
(860) 882-1681

**CAPLIN & DRYSDALE, CHARTERED**
One Thomas Circle, NW
Washington, DC 20005
(202) 862-5000
*Attorneys for Plaintiffs in Nos. 02 Civ. 5571, 07 Civ. 8830, 07 Civ. 10578, 07 Civ. 10954, 07 Civ. 11628, 08 Civ. 0950, 08 Civ. 1111, 08 Civ. 01983, 09 Civ. 2611*

**BARROWAY TOPAZ KESSLER
  MELTZER & CHECK, LLP**
280 King of Prussia Road
Radnor, PA 19087
(610) 667-7706
*Attorneys for Plaintiffs in Nos. 07 Civ. 8156, 07 Civ. 9229, 07 Civ. 11092, 08 Civ. 01983, 08 Civ. 01974, 08 Civ. 01975, 09 Civ. 2592*

**GRANT & EISENHOFER P.A.**
485 Lexington Avenue
New York, NY 10017
(646) 722-8500
*Attorneys for Plaintiffs in Nos. 07 Civ. 7370, 07 Civ. 7775, 07 Civ. 7776, 07 Civ 7778, 08 Civ. 7779, 07 Civ. 7803, 07 Civ. 7863, 07 Civ. 8208, 07 Civ. 9593, 07 Civ. 11485, 08 Civ. 0024, 08 Civ. 0116, 08 Civ. 0117, 08 Civ. 1938, 08 Civ. 01985, 09 Civ. 2603*

**LABATON SUCHAROW LLP**
140 Broadway
New York, NY 10005
(212) 907-0700
*Attorneys for Plaintiffs in Nos. 07 Civ. 5742, 07 Civ. 10995, 07 Civ. 11305, 07 Civ. 11483, 07 Civ. 11484, 08 Civ. 0418, 08 Civ. 2166, 08 Civ. 2057, 08 Civ. 2058, 08 Civ. 2056, 08 Civ. 2214, 09 Civ. 2568*

**Preliminary Statement**

Plaintiffs in the above-referenced actions (the "Individual Plaintiffs") respectfully submit this memorandum of law in support of their motion pursuant to Fed. R. Civ. P. 42(b) to bifurcate the trial so that issues that are common to the claims of the Individual Plaintiffs and the claims of the Class are resolved in a single trial, and distinct issues relating to the Individual Plaintiffs' damages that are not shared by the Class case are resolved in a separate proceeding following the common issues trial.

Individual Plaintiffs believe that it is appropriate to resolve in one proceeding common issues such as whether defendants made false and misleading statements, whether they acted with scienter, whether either of the individual defendants were control persons of Vivendi, loss causation, and the like. Individual issues relating only to the Individual Plaintiffs' individual damages, however, can and should be resolved in a separate proceeding following the common issues trial. To require each of the 86 Individual Plaintiffs to introduce evidence as to their damages, within the context of the consolidated Class/Individual Plaintiffs trial, will greatly increase the length and complexity of that trial, confuse the jurors, and be prejudicial to all parties.

I.  **A SEPARATE PROCEEDING DEALING WITH INDIVIDUALIZED DAMAGES ISSUES FOLLOWING THE COMMON ISSUES TRIAL WOULD BE EFFICIENT AND APPROPRIATE**

During the telephone conference on April 6, the Court stated that "we might consider having a bifurcation of individual damage claims."[1] There is ample authority for such bifurcation, and Individual Plaintiffs submit that that is the appropriate approach at bar.

---

[1] Transcript of telephone conference on April 6, 2009, at 13 (a copy of which is attached as Exhibit A to the Declaration of James J. Sabella dated June 2, 2009).

1

Rule 42(b), Fed. R. Civ. P., provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues." Courts often do so. "The decision to bifurcate a trial into liability and damages phases … is 'firmly within the discretion of the trial court under Fed. R. Civ. P. 42(b).'" *Katsaros v. Cody*, 744 F.2d 270, 278 (2d Cir. 1984) (quoting *In re Master Key Antitrust Litigation*, 528 F.2d 5, 14 (2d Cir. 1975)); *see Simon v. Philip Morris Inc.*, 200 F.R.D. 21, 25 (E.D.N.Y. 2001) (federal judges "have the discretion to decide to try different issues before two different juries in a process commonly known as bifurcation").

In securities cases, it is common for courts to try issues relating to liability and causation in a single trial, and then entertain separate proceedings for individualized issues such as damages. It is settled law that "the Court can order separate trials on the question of damages." *Bresson v. Thomson McKinnon Securities, Inc.*, 118 F.R.D. 339, 343 (S.D.N.Y. 1988). In *In re WorldCom, Inc. Securities Litigation*, No. 02 Civ. 3288 (DLC), 2005 WL 408137 (S.D.N.Y. Feb. 22, 2005), the court held that common issues would be tried in a single trial and that any individualized issues that remained after that trial, such as "individualized knowledge, reliance, and damages issues associated not just with the absent class members, but also with the named plaintiffs," would be adjudicated in a separate, subsequent proceeding. *Id*. at *1. *See also Knapp v. Ernst & Whinney*, 90 F.3d 1431, 1435 (9th Cir. 1996) (securities class action in which, at plaintiff's request, "the case was bifurcated into a trial of class-wide issues to be followed, if necessary, by a second-stage proceeding to adjudicate individual issues of reliance and damages"); MANUAL FOR COMPLEX LITIGATION § 31.8 (4th ed. 2008) (noting that it may be appropriate to "consolidate[e] related cases for a joint trial on specified issues, such as the

defendants' respective liabilities for alleged misrepresentations and omissions, while leaving for subsequent separate trials other issues, such as damages and individual defenses").

At bar, it is plain that there are numerous common issues, such as whether defendants made materially false and misleading statements, whether they acted with scienter, whether either of the individual defendants were control persons of Vivendi, and loss causation, that can and should be resolved in a common trial. There are also, however, issues relating to the Individual Plaintiffs' damages that have nothing to do with the issues relating to the Class. There is no reason to try these individualized issues in the common proceeding, and to do so will be inefficient and render the common issues trial unnecessarily lengthy, confusing and complex. If each Individual Plaintiff is required to prove its individual damages during the common issues trial, that will greatly lengthen and complicate that trial, prejudicing all plaintiffs.

The exact manner in which the Court would structure the second damages proceeding can be determined at a future date. "The court has a vast array of mechanisms to address individualized damages issues including … bifurcating liability and damage trials with the same or different juries." *Kiobel v. Royal Dutch Petroleum Co.*, No. 02 Civ. 7618 (KMW), 2004 U.S. Dist. LEXIS 28812, at *41 (S.D.N.Y. Mar. 31, 2004). Indeed, since the calculation of damages is often just a mathematical exercise, courts sometimes refer such calculations to a special master or claims administrator appointed by the Court under Fed. R. Civ. P. 53. *Id.*; *see also Poddar v. State Bank of India*, 235 F.R.D. 592, 595 (S.D.N.Y. 2006) (citing *In re Visa Check/Mastermoney Antitrust Litigation*, 280 F.3d 124, 141 (2d Cir. 2001) (listing management tools available to a court to deal with individualized issues in a class action, including "appointing a magistrate judge or special master to preside over individual damages proceedings")).

## II.  A SEPARATE PROCEEDING TO DETERMINE DAMAGES ISSUES DOES NOT VIOLATE THE CONSTITUTION

Nothing in the Constitution mandates that each element of each plaintiff's claim be decided in one trial by a single jury.  As a preliminary matter, it bears noting that bifurcation does not automatically mean that separate juries will be seated for the two phases of the trial.  If it wishes to do so, the Court could bifurcate the trial into two phases to be heard by one jury.  But the Constitution does not require a single jury for both phases.  The Seventh Amendment to the Constitution prohibits reexamination of the same facts by successive juries; it does not prohibit trial of distinct issues by separate juries.  "Trying a bifurcated claim before separate juries does not run afoul of the Seventh Amendment, but a 'given [factual] issue may not be tried by different, successive juries.'"  *Robinson v. Metro-North Commuter R.R.*, 267 F.3d 147, 169 (2d Cir. 2001); *see also Houseman v. U.S. Aviation Underwriters*, 171 F.3d 1117, 1126 (7th Cir. 1999); *In re Bendectin Litigation*, 857 F.2d 290, 309 (6th Cir. 1988) (upholding as constitutional a District Court order of separate trial on issue of causation, over objection of defendants); *Cayuga Indian Nation of N.Y. v. Pataki*, 188 F. Supp. 2d 223, 231-32 (N.D.N.Y. 2002) (the **"**Reexamination Clause does not limit or alter trial judges' historically board discretion to sever issues for trial … but it does prohibit a given issue from being tried by different, successive juries") (internal citation omitted)

At bar, there is no danger that trial of separate issues by different juries would violate the Reexamination Clause, because the common issues such as Vivendi's false statements and scienter are clearly distinct factually from individual damages issues.  In *In re ICN/Viratek Securities Litigation*, No. 87 Civ. 4296 (KMW), 1996 WL 34448146 (S.D.N.Y. Aug. 15, 2005

4

[sic]<sup>2</sup>), the court rejected the contention that the Seventh Amendment was violated by having a separate trial with a separate jury consider the defendants' effort to rebut the presumption of reliance on the integrity of the market in a securities case. *See id.* at *2 (holding that having a second jury consider the defendants' attempt to rebut the presumption would be "consonant with the Seventh Amendment" because "(1) the second jury will not be required to readjudicate any issues decided by the first, and (2) the issues are so distinct and separable that they may be separately tried without injustice to any party").

### Conclusion

For the reasons set forth herein, Individual Plaintiffs respectfully request that the Court order that issues as to their individual damages be tried in a separate proceeding following the common issues trial.

---

[2] According to the docket sheet, the decision was rendered on July 16, 1996.

Dated:  June 2, 2009

**MOTLEY RICE LLC**
William H. Narwold (WN-1713)
Michael Elsner
20 Church Street, 17th Floor
Hartford, CT 06103
(860) 882-1681

**CAPLIN & DRYSDALE, CHARTERED**
Nathan D. Finch
Leslie M. Kelleher (LK-5943)
One Thomas Circle N.W.
Washington, D.C. 20005
(202) 862-5000

*Attorneys for Plaintiffs in Nos. 02 Civ. 5571, 07 Civ. 8830, 07 Civ. 10578, 07 Civ. 10954, 07 Civ. 11628, 08 Civ. 0950, 08 Civ. 1111, 08 Civ. 01983, 09 Civ. 2611*

**BARROWAY TOPAZ KESSLER MELTZER & CHECK, LLP**
Stuart L. Berman
John A. Kehoe
Benjamin J. Hinerfeld
280 King of Prussia Road
Radnor, PA 19087
(610) 667-7706

*Attorneys for Plaintiffs in Nos. 07 Civ. 8156, 07 Civ. 9229, 07 Civ. 11092, 08 Civ. 01983, 08 Civ. 01974, 08 Civ. 01975, 09 Civ. 2592*

Respectfully submitted,

**GRANT & EISENHOFER P.A.**

By     /s/ James J. Sabella
Stuart M. Grant (SG-8157)
James J. Sabella (JS-5454)
Diane Zilka (DZ-9452)
Christine M. Mackintosh
485 Lexington Avenue
New York, NY 10017
(646) 722-8500

*Attorneys for Plaintiffs in Nos. 07 Civ. 7370, 07 Civ. 7775, 07 Civ. 7776, 07 Civ 7778, 08 Civ. 7779, 07 Civ. 7803, 07 Civ. 7863, 07 Civ. 8208, 07 Civ. 9593, 07 Civ. 11485, 08 Civ. 0024, 08 Civ. 0116, 08 Civ. 0117, 08 Civ. 1938, 08 Civ. 01985, 09 Civ. 2603*

**LABATON SUCHAROW LLP**
Mark S. Arisohn (MA-2364)
Jesse Strauss
140 Broadway
New York, NY 10005
(212) 907-0700

*Attorneys for Plaintiffs in Nos. 07 Civ. 5742, 07 Civ. 10995, 07 Civ. 11305, 07 Civ. 11483, 07 Civ. 11484, 08 Civ. 0418, 08 Civ. 2166, 08 Civ. 2057, 08 Civ. 2058, 08 Civ. 2056, 08 Civ. 2214, 09 Civ. 2568*