UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE VIVENDI UNIVERSAL, S.A.
SECURITIES LITIGATION

02 Civ. 5571 (RJH/HBP)
ECF CASE

**DEFENDANTS' OBJECTIONS AND RESPONSES TO
JUDGE HOLWELL'S PROPOSED CHARGE TO THE JURY**

CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, NY 10019
*Attorneys for Defendant Vivendi, S.A.*

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
*Attorneys for Defendant Vivendi, S.A.*

KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
*Attorneys for Defendant
Jean-Marie Messier*

SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, NY 10022
*Attorneys for Defendant
Guillaume Hannezo*

Pursuant to Federal Rule of Civil Procedure 51(c)(1), Defendants Vivendi, S.A. ("Vivendi"), Jean-Marie Messier, and Guillaume Hannezo (collectively, "Defendants") respectfully submit these responses and objections to The Court's Proposed Charge to the Jury ("Jury Charge").  Defendants incorporate herein by reference, and are not waiving, all previous objections in correspondence and in pleadings.  Defendants object generally to the Jury Charge because it contains, <u>inter</u> <u>alia</u>, erroneous instructions on the law, is confusing, and is prejudicial to Defendants.

Defendants also object generally that the Jury Charge fails to include a great number of important instructions that are contained in Defendants' Second Amended Proposed Jury Instructions ("Defendants' Instructions").

The Jury Charge fails to include the following list of instructions:

1. Jury Charge No. 16 does not inform the jury that they should disregard a demonstrative if they believe that it does not accurately reflect the facts or figures shown by the evidence in the case.  <u>See</u> <u>infra</u> Defendants' Response and Objection to The Court's Proposed Jury Charge No. 16.

2. Jury Charge No. 18 fails to explain to the jury that it would be improper for them to consider either a witness's preference to testify in his or her native language, or his or her inability to speak, or difficulty speaking, English.  <u>See</u> <u>infra</u> Defendants' Response and Objection to The Court's Proposed Jury Charge No. 18.

3. Jury Charge No. 20 fails to instruct the jury that Vivendi cannot waive their auditors' compliance with the auditors' legal obligation of confidentiality.  <u>See</u> <u>infra</u> Defendants' Response and Objection to The Court's Proposed Jury Charge No. 20

4. Jury Charge No. 21 fails to contain a complete history of the securities laws.  <u>See</u> <u>infra</u> Defendants' Response and Objection to The Court's Proposed Jury Charge No. 21.

5. Jury Charge No. 22 does not contain a correct definition of recklessness.  <u>See</u> <u>infra</u> Defendants' Response and Objection to The Court's Proposed Jury Charge No. 22.

6.  Jury Charge No. 23 fails to explain to the jury that a misstatement or misrepresentation is not misleading even if subsequent events make the statement erroneous.  Nor does it inform the jury that Defendants are not required to disclose information, even if it is material, or that Defendants are not required to disclose information if that information is already available in the market place.  Furthermore, the instruction fails to define "the total mix of information made available" and to accurately describe both inactionable puffery and forward-looking statements.  See infra Defendants' Response and Objection to The Court's Proposed Jury Charge No. 23

7.  Jury Charge No. 24 fails to properly explain to the jury recklessness, and the numerous ways in which scienter is negated.  Similarly, the charge does not explain that an honest mistake does not establish scienter.  Nor does the charge correctly identify the details plaintiffs must establish concerning information Defendants are alleged to have known.  See infra Defendants' Response and Objection to The Court's Proposed Jury Charge No. 24.

8.  Jury Charge No. 25 fails to instruct the jury about the differences between oral and written forward-looking statements, and that a defendant has no duty to update forward-looking statements.  See infra Defendants' Response and Objection to The Court's Proposed Jury Charge No. 25.

9.  Jury Charge No. 26 does not inform the jury that an efficient market adjusts rapidly to information.  See infra Defendants' Response and Objection to The Court's Proposed Jury Charge No. 26.

10. Jury Charge No. 27 fails to explain to the jury that plaintiffs must establish that Vivendi's stock price was inflated as a result of the allegedly false and misleading statements, and that these statements must have played a substantial role in plaintiffs' alleged losses.  Similarly the charge does not remind the jury that plaintiffs have not alleged that Defendants' alleged violation of French or U.S. GAAP caused them any loss.  Nor does the charge explain that plaintiffs bear the burden of isolating non-alleged fraud-related losses.  Furthermore, the charge does not explain that if the revelation of previously undisclosed information did not cause a decline in Vivendi's stock price, plaintiffs have not established loss causation.  Finally, the charge does not explain that plaintiffs must establish that the loss was foreseeable, and how plaintiffs must establish its foreseeability.  See infra Defendants' Response and Objection to The Court's Proposed Jury Charge No. 27

11. Jury Charge No. 29 fails to contain a complete instruction on the control plaintiffs must establish to prove a Section 20(a) violation.  See infra Defendants' Response and Objection to The Court's Proposed Jury Charge No. 29.

12. Jury Charge No. 30 does not instruct the jury that a person who acts, or causes another to act on a belief or opinion honestly held is not liable under Section 20(a)

even if the belief later turns out to be incorrect.  <u>See</u> <u>infra</u> Defendants' Response and Objection to The Court's Proposed Jury Charge No. 30.

## **THE COURT'S PROPOSED JURY CHARGE NO. 1**

### ***Role of the Court***

You have now heard all the evidence in the case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On the legal matters, you must take the law as I give it to you.  If any attorney or witness has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.  You will receive a copy of these instructions to take with you into the jury room.

You should not be concerned about the wisdom of any legal rule that I state.  Regardless of any opinion that you may have as to what the law may be—or ought to be—it would violate your sworn duty to base a verdict upon any other view of the law than the one I give you.

## **DEFENDANTS' RESPONSE AND OBJECTION TO**

## **THE COURT'S PROPOSED JURY CHARGE NO. 1**

Defendants agree that an instruction similar to The Court's Proposed Jury Charge No. 1 should be given.  Defendants submit that either The Court's Proposed Jury Charge No. 1 or Defendants' Second Amended Proposed Jury Instruction ("Defendants' Instruction") No. 1 would be appropriate.

## THE COURT'S PROPOSED JURY CHARGE NO. 2

### *Role of the Jury*

Your role, as I have earlier said, is to consider and decide the fact issues in this case. You, the members of the jury, are the sole and exclusive judges of the facts. You pass upon the evidence; you determine the credibility or believability of the witnesses; you resolve whatever conflicts may exist in the testimony; you draw whatever reasonable inferences and conclusions you decide to draw from the facts as you have determined them; and you determine the weight of the evidence.

In determining the facts, you should rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence. Nor is anything I may have said during the trial or may say during these instructions about a fact issue to be considered evidence of your own independent recollection. It is your own independent recollection of the evidence that controls. In this connection, remember that a question put to a witness is never evidence. Only the answer is evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record.

If there is any difference or contradiction between what any lawyer has said and what you decide the evidence showed, or between anything I may have said and what you decide the evidence showed, it is your view of the evidence—not the lawyers', and not mine—that controls.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether plaintiffs or defendants have presented the more convincing evidence on any issue. It is critically important that you understand that I wish to convey absolutely no opinion as to the verdict you should render in this case, and that even if I did convey such an opinion, you would not be obliged in any way to follow it.

In determining the facts, you must weigh and consider the evidence without regard to sympathy, prejudice or passion for or against any party, and without regard to what the reaction of the parties or the public to your verdict may be. I will later discuss with you how to pass upon the credibility of witnesses.

## DEFENDANTS' RESPONSE AND OBJECTION TO

## THE COURT'S PROPOSED JURY CHARGE NO. 2

Defendants agree that an instruction similar to The Court's Proposed Jury Charge No. 2 should be given.  Defendants submit that either The Court's Proposed Jury Charge No. 2 or Defendants' Instruction No. 2 would be appropriate.

## THE COURT'S PROPOSED JURY CHARGE NO. 3

### *Conduct of Counsel*

It is the duty of the attorneys on each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible.  Counsel also have the right and duty to ask the court to make rulings of law and to request conferences out of the hearing of the jury.  All those questions of law must be decided by me, the Court.  You should not show any prejudice against an attorney or its client because the attorney objected to the admissibility of evidence, asked for a conference out of the hearing of the jury, or asked the Court for a ruling on the law.

Furthermore, my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence.  You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

## DEFENDANTS' RESPONSE AND OBJECTION

## TO THE COURT'S PROPOSED JURY CHARGE NO. 3

Defendants agree that an instruction similar to The Court's Proposed Jury

Charge No. 3 should be given.  Defendants submit that either The Court's Proposed Jury

Charge No. 3 or Defendants' Instruction No. 3 would be appropriate.

## THE COURT'S PROPOSED JURY CHARGE NO. 4

### *Burden of Proof – Preponderance of Evidence*

As this is a civil case, plaintiffs have the burden of proving each element of their claims—here, for securities fraud—by a preponderance of the evidence. This means that plaintiffs have the burden of proving by a preponderance of the evidence each and every disputed element of their claims and damages. If you find that plaintiffs have failed to establish any claim by a preponderance of the evidence, you must decide against them on that claim.

To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It does not mean the greater number of witnesses or the greater length of time taken by either side. The phrase refers to the quality of the evidence—that is, its persuasiveness, the weight, and the effect that it has on your minds. In determining whether a claim has been proven by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in the evidence, regardless of who may have produced them.

This concept of a preponderance of the evidence is often illustrated with the idea of scales. In considering whether Plaintiffs have met their burden of proof on a claim, you put on one side all of the credible evidence favoring the plaintiffs and on the other all the credible evidence favoring the defendants. If the scales tip toward the plaintiffs because plaintiffs' evidence is weightier, you must find in plaintiffs' favor. But if the scales are evenly balanced (maybe yes, maybe no), or if they tip in the defendants' favor, then you must find for the defendants.

Some of you no doubt have heard of "proof beyond a reasonable doubt", which is the standard of proof that is used in a criminal trial. A plaintiff in a civil case does not have to satisfy that requirement, and you should put it out of your mind.

## DEFENDANTS' RESPONSE AND OBJECTION TO

## THE COURT'S PROPOSED JURY CHARGE NO. 4

Defendants agree that an instruction similar to The Court's Proposed Jury

Charge No. 4 should be given. Defendants submit that either The Court's Proposed Jury

Charge No. 4 or Defendants' Instruction No. 4 would be appropriate.

## THE COURT'S PROPOSED JURY CHARGE NO. 5

### *Evidence/What is Not Evidence*

The evidence from which you are to decide what the facts are consists of:

1. The sworn testimony of witnesses;
2. The documents and exhibits which have been received into evidence; and
3. Any stipulation agreed to by the parties.

Nothing else is evidence—not what the lawyers say, not what I say, and not anything you heard outside the courtroom.

## DEFENDANTS' RESPONSE AND OBJECTION TO

## THE COURT'S PROPOSED JURY CHARGE NO. 5

Defendants agree that an instruction similar to The Court's Proposed Jury Charge No. 5 should be given.  Defendants submit that either The Court's Proposed Jury Charge No. 5 or Defendants' Instruction No. 5 would be appropriate.

## THE COURT'S PROPOSED JURY CHARGE NO. 6

### *Evidence for a Limited Purpose*

You will recall that during the course of the trial I instructed you that I admitted certain evidence only for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted. Similarly, you will recall that during the course of the trial I instructed you that I admitted certain evidence against some defendants, but not all defendants. You must consider this evidence only against the defendant(s) against whom it was admitted.

You will receive a list identifying all the exhibits that have been admitted into evidence throughout the course of the trial. That list will indicate which exhibits you may consider as to which defendants as well as any other limitations on the purpose for which you may consider a particular exhibit. The tags identifying the exhibits will also be color coded to help you easily identify documents that are not to be considered for any purpose against Mr. Messier and Mr. Hannezo and will also indicate when you must consult the list for a limiting instruction.

## DEFENDANTS' RESPONSE AND OBJECTION TO

## THE COURT'S PROPOSED JURY CHARGE NO. 6

Defendants agree that an instruction similar to The Court's Proposed Jury Charge No. 6 should be given. Defendants submit that either The Court's Proposed Jury Charge No. 6 or Defendants' Instruction No. 7 would be appropriate.

## THE COURT'S PROPOSED JURY CHARGE NO. 7

### *Official Translation*

French and other foreign languages have been used during this trial.  When an interpreter or translator has been used, you are to consider only that evidence provided through the official court interpreter or translator.  Similarly, many documents in this case have been translated from French or another foreign language into English, and you are to consider only the official English translation provided to you.  Although some of you may know French or the other foreign languages used, it is important that all jurors consider the same evidence.  Therefore, you must base your decision on the evidence presented in English.  You must ignore any different meaning of the non-English words.

## DEFENDANTS' RESPONSE AND OBJECTION TO

## THE COURT'S PROPOSED JURY CHARGE NO. 7

Defendants agree that an instruction similar to The Court's Proposed Jury

Charge No. 7 should be given.  Defendants submit that either The Court's Proposed Jury

Charge No. 7 or Defendants' Instruction No. 15 would be appropriate.

## THE COURT'S PROPOSED JURY CHARGE NO. 8

### *Use of Juror Notes*

Some of you took notes during the trial.  If you elected to take notes, your notes should be used only as memory aids.  You should not give your notes greater weight than your independent recollection of the evidence.  You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any more weight than the memory or impression of each juror.  Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

## DEFENDANTS' RESPONSE AND OBJECTION TO

## THE COURT'S PROPOSED JURY CHARGE NO. 8

Defendants agree that an instruction similar to The Court's Proposed Jury

Charge No. 8 should be given.  Defendants submit that either The Court's Proposed Jury

Charge No. 8 or Defendants' Instruction No. 6 would be appropriate.

**THE COURT'S PROPOSED JURY CHARGE NO. 9**

### *Direct and Circumstantial Evidence*

There are two kinds of evidence: direct and circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally experienced through his own senses—in other words, something seen, felt, touched, heard or tasted.  Direct evidence may also be in the form of an exhibit where the fact to be proven is its present existence or condition.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts.  Here is a simple example of circumstantial evidence:

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day.  Assume that the courtroom blinds were drawn and you could not look outside.  As you were sitting here, someone walked in with an umbrella that was dripping wet.  Then a few minutes later another person also entered with a wet umbrella.  Now, you cannot look outside of the courtroom, and you cannot see whether or not it is raining.  So you have no direct evidence of that fact.  But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that is has been raining.

That is all there is to circumstantial evidence.  You infer on the basis of reason and experience and common sense from one established fact the existence or nonexistence of some other fact.

Circumstantial evidence is of no less value than direct evidence; the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on a preponderance of all the evidence presented.

**DEFENDANTS' RESPONSE AND OBJECTION TO**

**THE COURT'S PROPOSED JURY CHARGE NO. 9**

Defendants agree that an instruction similar to The Court's Proposed Jury Charge No. 9 should be given.  Defendants submit that either The Court's Proposed Jury Charge No. 9 or Defendants' Instruction No. 8 would be appropriate.

## THE COURT'S PROPOSED JURY CHARGE NO. 10

### *Inferences*

In their closing arguments, counsel may have in effect asked you to infer, on the basis of your reason, experience, and common sense, from one or more proven facts, the existence of some other facts.

An inference is not a suspicion or a guess.  It is a logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence.  Plaintiffs ask you to draw one set of inferences, while defendants ask you to draw another. It is for you, and you alone, to decide what inferences you will draw.

## DEFENDANTS' RESPONSE AND OBJECTION TO

## THE COURT'S PROPOSED JURY CHARGE NO. 10

Defendants agree that an instruction similar to The Court's Proposed Jury

Charge No. 10 should be given.  Defendants submit that either The Court's Proposed Jury

Charge No. 10 or Defendants' Instruction No. 9 would be appropriate.

## THE COURT'S PROPOSED JURY CHARGE NO. 11

### *Credibility of Witnesses*

You have had the opportunity to observe the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of witness testimony.

How do you determine where the truth lies?  You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.  You should consider any bias or hostility that a witness may have shown for or against any party as well as any interest the witness has in the outcome of the case.  It is your duty to consider whether the witness has permitted any such bias or interest to color his testimony.

You should consider the opportunity each witness had to see, hear and know the things about which he testified, the accuracy of his memory, his candor or lack of candor, his intelligence, the reasonableness and probability of his testimony and its consistency, or lack of consistency and its corroboration, or lack of corroboration, with other believable testimony.  You watched the witnesses testify (and heard their deposition testimony played or read). Everything a witness said or did while testifying counts in your determination.  How did the witness appear? What was the witness' demeanor while testifying?  Often it is not what people say, but how they say it, that moves us.

In deciding whether to believe a witness, keep in mind that people sometimes forget things.  You need to consider, therefore, whether in such a situation the witness's testimony reflects an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important factor or with only a small detail.

If you find that any witness has willfully testified falsely as to any material fact (that is, as to an important matter) the law permits you to disregard completely the entire testimony of that witness upon the principle that one who testifies falsely about one material fact is likely to testify falsely about everything.  You are not required, however, to consider such a witness as totally unworthy of belief.  You may accept so much of the witness' testimony as you deem true and disregard what you feel is false.  As the sole judges of the facts, you must decide which of the witness you will believe, what portion of the testimony you accept, and what weight you will give to it.

In other words, what you must try to do in deciding credibility is to size up a witness up in light of his demeanor, the explanations given, and all of the other evidence in the case.  Always remember that you should use your common sense, your good judgment, and your life experience.

## **DEFENDANTS' RESPONSE AND OBJECTION TO**

## **THE COURT'S PROPOSED JURY CHARGE NO. 11**

Defendants agree that an instruction similar to The Court's Proposed Jury Charge No. 11 should be given.  However, Defendants object to the last sentence in the second paragraph as unduly prejudicial.  The rest of this instruction tells the jurors they "should consider" or "may consider" particular factors relating to credibility.  By singling out for the jurors that they have a "duty" only with respect to evaluating bias and interest in the outcome -- two factors that overwhelmingly incline against defendants – the charge is unfavorably tipped in plaintiffs' favor.

## THE COURT'S PROPOSED JURY CHARGE NO. 12

### *Interest in Outcome*

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case. Such an interest in the outcome of the case creates a motive to testify falsely and may sway a witness to testify in a way that advances the witness's own interest. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his testimony, and accept it with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. An interested witness is not necessarily less credible than a disinterested witness. The fact that a witness is interested in the outcome of the case does not mean that he has not told the truth. It is for you to decide, based upon your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his testimony.

## DEFENDANTS' RESPONSE AND OBJECTION TO

## THE COURT'S PROPOSED JURY CHARGE NO. 12

(No analogous instructions proposed by Defendants).

Defendants object to The Court's Proposed Jury Charge No. 12 because it is unnecessarily duplicative of The Court's Proposed Jury Charge No. 11 and prejudicial to defendants. Charge number 11 includes a witness's possible interest in the outcome of the trial as a factor to be considered in evaluating a witness's credibility. Charge number 12 is redundant of charge number 11 and as such warrants deletion of The Court's Proposed Jury Charge No. 12. See, e.g., United States v. Rosado, No. 96-1802, 1990 WL 707862, at * 2 (2d Cir. June 20, 1990) ("The remaining portions of Rosado's proposed instructions were . . . duplicative of the actual instructions given. . . . The district court was thus correct in rejecting Rosado's proposed instructions."); Tradecard, Inc. v. S1 Corp., 509 F. Supp. 2d 304, 326 (S.D.N.Y. 2007) ("I declined to add the requested

language, considering that it was redundant. . . .  It was unnecessary to single out this particular point for emphasis." (internal quotations omitted)); see also Cooper v. City of Ashland, Nos. 03-15169, 03-15228, 2004 WL 2287739, at *2 (9th Cir. Oct. 6, 2004) (upholding lower court's exclusion of proposed jury instruction because it "would have been largely redundant"); United States v. Ramirez, No. 06 CR 809, 2008 WL 4344901, at *3 (N.D. Ill. Mar. 18, 2008) ("Defendant's proposed jury instruction was properly denied as redundant; and the jury was properly instructed as to this issue.").

The Court's Proposed Jury Charge No. 12 is also unduly prejudicial because it places undue weight on a factor that will overwhelming harm Defendants. Every fact witness who testified for Defendants was either an individual defendant or a current officer of Vivendi or one of its affiliates, all of whom have an "interest" in the outcome of the trial.  In contrast, only the fact witnesses who testified in plaintiffs' case-in-chief who have an interest in the outcome of the trial were the two class representatives, neither of whom added nothing of substance to plaintiffs' case.  Inclusion of a separate charge that focuses on the interest of witnesses in the outcome of the trial clearly emphasizes a factor that has an unduly prejudicial impact on defendants.

Should the Court decide to keep this charge over Defendants' objections, Defendants submit that the last sentence in the first paragraph be deleted because it is unduly prejudicial to Defendants for the reasons discussed herein.  However, should the Court decide not to delete this sentence, Defendants request that the phrase "accept it with great care" be deleted from the sentence.

## THE COURT'S PROPOSED JURY CHARGE NO. 13

### *Impeachment by Prior Inconsistent Statements*

You have heard evidence that at some earlier time the witness has said or done something which counsel argues is inconsistent with the witness's trial testimony.

Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence in determining liability.  Evidence of a prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself or herself.  If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

## DEFENDANTS' RESPONSE AND OBJECTION TO

## THE COURT'S PROPOSED JURY CHARGE NO. 13

Defendants agree that an instruction similar to The Court's Proposed Jury Charge No. 13 should be given.  Defendants submit that either The Court's Proposed Jury Charge No. 13 or Defendants' Instruction No. 11 would be appropriate.

## THE COURT'S PROPOSED JURY CHARGE NO. 14

### *Expert Witnesses*

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion. Nor should you substitute it for your own reason, judgment and common sense. The determination of the facts in this case rests solely with you.

The fact that an expert may have relied on someone else's statement in forming his opinion is not evidence that the statement was true. You should assess the credibility of each fact witness independently.

## DEFENDANTS' RESPONSE AND OBJECTION TO

## THE COURT'S PROPOSED JURY CHARGE NO. 14

Defendants agree that an instruction similar to The Court's Proposed Jury Charge No. 14 should be given. Defendants submit that either The Court's Proposed Jury Charge No. 14 or Defendants' Instruction No. 12 would be appropriate.

## THE COURT'S PROPOSED JURY CHARGE NO. 15

### *Use of Depositions as Evidence*

During the trial, certain testimony has been presented by way of deposition. The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case. Such testimony is entitled to the same consideration as other evidence, and is to be judged as to credibility, weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

## DEFENDANTS' RESPONSE AND OBJECTION TO

## THE COURT'S PROPOSED JURY CHARGE NO. 15

Defendants agree that an instruction similar to The Court's Proposed Jury Charge No. 15 should be given. Defendants submit that either The Court's Proposed Jury Charge No. 15 or Defendants' Instruction No. 13 would be appropriate.

## THE COURT'S PROPOSED JURY CHARGE NO. 16

### *Summaries, Charts, and Diagrams*

The parties have presented charts, summaries, and diagrams. These materials were shown to you in order to make the other evidence more meaningful and to aid you in considering the evidence. They are no better than the testimony or the documents upon which they are based, and are not themselves independent evidence. Therefore, you are to give no greater consideration to these materials than you would give to the evidence upon which they are based.

It is for you to decide whether the charts, summaries, and diagrams correctly present the information contained in the testimony and in the exhibits on which they were based. You are entitled to consider the charts, summaries, and diagrams if you find that they are of assistance to you in analyzing the evidence and understanding the evidence.

## DEFENDANTS' RESPONSE AND OBJECTION TO

## THE COURT'S PROPOSED JURY CHARGE NO. 16

Although Defendants agree that an instruction similar to The Court's Proposed Jury Charge No. 16 should be given, Defendants object to the charge because it is incomplete. The charge should instruct the jury that if they decide that the demonstratives do not accurately reflect the facts or figures as shown by the evidence in this case, the jury should disregard the demonstratives.

Defendants' Instruction No. 14 is a more complete explanation of the law, and is unbiased and balanced.

## THE COURT'S PROPOSED JURY CHARGE NO. 17

### *Publicity*

Your verdict must be based solely on the evidence presented in this courtroom in accordance with my instructions.  You must completely disregard any report which you have read in the press, seen on television or on the internet, or heard on the radio.  Indeed, it would be unfair to consider such reports, since they are not evidence and the parties have no opportunity of contradicting their accuracy or otherwise explaining them away.  In short, it would be a violation of your oath as jurors to allow yourselves to be influenced in any manner by such publicity.

## DEFENDANTS' RESPONSE AND OBJECTION TO

## THE COURT'S PROPOSED JURY CHARGE NO. 17

Defendants agree that an instruction similar to The Court's Proposed Jury Charge No. 17 should be given.  Defendants submit that either The Court's Proposed Jury Charge No. 17 or Defendants' Instruction No. 17 would be appropriate.

## THE COURT'S PROPOSED JURY CHARGE NO. 18

### *All Persons Equal Before the Law*

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.  It would be improper for you to consider any personal feelings you may have about one of the parties' race, religion, national origin, gender, age, wealth or social status.

One of the defendants in this action, Vivendi, is a corporation.  A corporation is considered a "person" under the law. A corporation and is entitled to the same fair trial as a private individual. All persons, including corporations and other organizations, stand equal before the law and are to be treated as equals.

## DEFENDANTS' RESPONSE AND OBJECTION TO

## THE COURT'S PROPOSED JURY CHARGE NO. 18

Although, Defendants agree that an instruction similar to The Court's

Proposed Jury Charge No. 18 should be given, Defendants object to the charge because it

is incomplete.  Specifically, this charge fails to include an instruction that it would be

improper for the jury to consider either a witness's or party's preference to testify in his

or her native language, or his or her inability to speak, or difficulty speaking, English, as

contained in Defendants' Instruction No. 19.

## THE COURT'S PROPOSED JURY CHARGE NO. 19

### *More Than One Defendant*

There are multiple defendants in this case, but it is not necessarily true that if one is liable, then all are liable.  You must give separate consideration to each claim and each party in this case.  Each defendant is entitled to have the case decided solely on the evidence that applies to that defendant.

Unless I instruct you differently, all instructions that I give you apply to all parties in the case.

## DEFENDANTS' RESPONSE AND OBJECTION TO

## THE COURT'S PROPOSED JURY CHARGE NO. 19

Defendants agree that an instruction similar to The Court's Proposed Jury Charge No. 19 should be given.  However, Defendants object to the last sentence of the charge because it is confusing.  Given that the title of the charge is "More Than One Defendant" use of the word "party" in the last sentence could confuse the jury because it can be read to mean that the instructions apply to all defendants as opposed to both plaintiffs and Defendants.

Defendants submit that the last sentence of this charge should be a separate instruction, similar to that contained in Defendants' Instruction No. 21.

## THE COURT'S PROPOSED JURY CHARGE NO. 20

### *Unavailability of Auditors*

Vivendi's auditors—RSM Salustro Reydel, Ernst & Young (the successor to Arthur Anderson), and Pricewaterhouse Coopers—have an obligation of confidentiality under French law that they are required to follow.  That legal obligation bars them from disclosing any facts, actions and information of which they have knowledge on account of their status as auditors.  In compliance with that legal obligation, Vivendi's auditors did not produce documents or testify in a manner that would disclose facts or information the auditors were prohibited by law from disclosing.

You should not draw any inferences favorable or unfavorable to either party due to the auditors' determination not to produce documents or to testify in a manner that would disclose facts or information they were prohibited by law from disclosing.

## DEFENDANTS' RESPONSE AND OBJECTION TO

## THE COURT'S PROPOSED JURY CHARGE NO. 20

Although Defendants agree that an instruction similar to The Court's Proposed Jury Charge No. 20 should be given, Defendants submit that The Court's Proposed Jury Charge No. 20 is incomplete and prejudicial to Defendants because it does not inform the jury that Vivendi cannot waive the auditors' compliance with their legal obligation.

Defendants submit that Defendants' Instruction No. 16 is a more complete and unbiased explanation of the law.

## THE COURT'S PROPOSED JURY CHARGE NO. 21

### *Introduction to Plaintiffs' Claims*

I will now instruct you on the law that governs plaintiffs' claims in this case.

This case has been brought as a class action. A class action is a type of proceeding in which an individual shareholder represents all persons or institutions with similar claims. In this class action, several individual shareholders represent a class of persons who purchased or otherwise acquired shares of Vivendi Universal, S.A. between October 30, 2000 and August 14, 2002 (which I will refer to as the "class period").

The defendants in this case are Vivendi Universal, S.A. (which I will refer to as "Vivendi"), and two individuals, Jean-Marie Messier (Vivendi's former Chief Executive Officer) and Guillaume Hannezo (Vivendi's former Chief Financial Officer). When I refer to "defendants," I am referring to all of three of the defendants in this case. When I refer to the "individual defendants," I am referring only to Mr. Messier and Mr. Hannezo.

The plaintiffs claim to have suffered a loss caused by defendants' alleged violation of the federal securities laws. These securities laws govern the buying and selling of securities, such as stocks and bonds. Major securities laws were passed by Congress during the 1930s to protect investors and, among other things, to outlaw deceptive practices that may distort the fair and just price of a stock. The plaintiffs have brought claims under Section 10(b) and Section 20(a) of the Securities Exchange Act of 1934, an Act which was intended to prevent inequitable and unfair practices and to insure fairness in securities transactions generally.

As I will explain in due course, some of plaintiffs' claims apply to all of the defendants, while other claims apply to some defendants and not others. You should consider each claim and the evidence on each claim separately, as if each claim had been tried separately.

## DEFENDANTS' RESPONSE AND OBJECTION TO

## THE COURT'S PROPOSED JURY CHARGE NO. 21

Defendants do not disagree that an instruction outlining the nature of plaintiffs' claims may be appropriate. Defendants object, however, to this charge as vague, prejudicial, and incomplete.

Specifically, Defendants object to the third paragraph of this charge as vague and misleading in its description of Defendants, particularly in that it does not specify the time periods during which Messrs. Messier and Hannezo (collectively, "Individual Defendants") held their respective positions.

Defendants also object to the fourth paragraph of this charge as argumentative, prejudicial, biased and irrelevant.  The purpose of an implied private right of action under the securities laws and the importance of such actions is irrelevant and will only distract the jury's attention from its obligation to resolve the relevant factual disputes in this case.  By suggesting that the law "protect[s] investors" and "prevent[s] inequitable and unfair practices and to insure fairness in securities transactions" the charge suggests that the jury decide this case on emotion rather than the application of the facts of this case to the law.  Moreover, the suggestion that the securities laws are "to outlaw deceptive practices that may distort the fair and just price of a stock" is suggestive of a conclusion of misconduct on the part of Defendants, and would be highly prejudicial to Defendants.

In addition, the charge is incomplete.  If the Court finds that an instruction on the history of the securities laws is necessary, Defendants request that a complete history of securities legislation be given to provide the jury with a complete and accurate picture.  The Securities Exchange Act of 1934 did not create an express civil remedy for its violation.  See Ernst & Ernst v. Hochfelder, 425 U.S. 185, 196 (1976).  The implied private right of action of which Plaintiffs are availing themselves was first recognized by the Supreme Court in 1976, decades after the passage of The Securities Exchange Act of 1934.  See id.

The charge also is incomplete because it fails to instruct the jury that Congress has enacted significant reforms to the securities laws, including the PSLRA and SLUSA, to curb abuses by plaintiffs in the use of implied private actions and the effects of those abuses on the U.S. economy.  It also fails to instruct the jury that the enforcement of those statutes has resulted in the prosecution and conviction of certain class action lawyers.  Indeed, one of the law firms originally involved in this case, Milberg Weiss LLP, was specifically singled out by Congress as a firm making decisions base don their own interested rather than those of their purported clients.  See H.R. Rep. No. 104-050, at 16 (1996), S. Rep. No. 104-098, at 6 (1995); see also Gluck v. CellStar Corp., 976 F. Supp. 542, 549 (N.D. Tex. 1997).  Defendants do not believe that any explanation regarding the history of or reasons for the enactment of the securities laws is necessary and believe that no such instruction should be given.

Defendants do not object to the remainder of the instruction.

**THE COURT'S PROPOSED JURY CHARGE NO. 22**

### *Elements of Section 10(b) Claim*

Plaintiffs claim that defendants Vivendi, Jean-Maire Messier, and Guillaume Hannezo violated Section 10(b) of the Securities Exchange Act of 1934 and the SEC's Rule 10b-5. From now on, I will use "Section 10(b)" to refer to both the Section and the Rule.

To prevail on their Section 10(b) claim against any defendant, plaintiffs must prove, in connection with the purchase and sale of a security, each of the following elements by a preponderance of the evidence as to that defendant:

(1) the defendant made an untrue statement of material fact (a "misstatement"), or omitted to state a material fact which made what was said, under the circumstances, misleading (an "omission");

(2) the defendant acted with a particular state of mind, which is called "scienter"—that is, knowingly or recklessly (as I will define for you shortly);

(3) plaintiffs justifiably relied on the misstatement or omission; and

(4) plaintiffs suffered economic loss as a result of the misstatement or omission.

If you find that the plaintiffs have proven each of the above elements as to a particular defendant, your verdict should be for the plaintiffs and against that defendant. If you find that the plaintiffs have not proven each of the above elements as to a particular defendant, your verdict should be for that defendant and against the plaintiffs.

**DEFENDANTS' RESPONSE AND OBJECTION TO**

**THE COURT'S PROPOSED JURY CHARGE NO. 22**

Defendants object to The Court's Proposed Jury Charge No. 22 on the grounds that it misstates the law, and is confusing and incomplete.[1]

Defendants object to the charge's description of scienter because it is incomplete and misleading. First, as The Court's Proposed Jury Charge No. 24 reflects, "[s]cienter is a mental state embracing intent to deceive, manipulate, or defraud." Thus,

---

[1] Defendants also note that this charge contains a typographical error. Jean-Marie Messier's name is spelt incorrectly in the first sentence.

to the extent the instruction on the elements of a Section 10(b) claim defines scienter, this definition should be included.  Moreover, while Defendants do not believe that it is necessary to mention in this charge that scienter requires that a defendant make an alleged material misrepresentation or misstatement "knowingly" or "recklessly", if the Court decides to mention that part of the relevant definition of scienter, Defendants believe the complete definition should be provided.  The jury should be instructed that recklessness means conscious recklessness: a state of mind approximating actual intent and not merely a heightened form of negligence.  See S. Cherry St., LLC v. Hennessee Group LLC, 573 F.3d 98, 109 (2d Cir. 2009).  "Consciously reckless" conduct is highly unreasonable conduct that is an extreme departure from the standards of ordinary care, presenting a danger of misleading investors, which is either known to the particular defendant you are considering or is so obvious that the defendant must have been aware of it.  See Kalnit v. Eichler, 264 F.3d 131, 142 (2d Cir. 2001) (quoting Honeyman v. Hoyt (In re Carter-Wallace, Inc. Sec. Litig.), 220 F.3d 36, 29 (2d Cir. 2000))

    Moreover, The Court's Proposed Jury Charge does not neutrally explain the legal terminology, as Defendants' Instruction does, but rather lowers plaintiffs' burden of proof.  For example, the standard for loss causation is that there must be a causal connection between the alleged misrepresentation and plaintiffs' economic loss. See Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 342 (2005).  The vague instruction that the economic loss must be "a result of the misstatement or omission" minimizes the requirement that plaintiffs show a concrete and causal relationship between the alleged misstatement or omission and the alleged loss.  Likewise, the reference in the charge to the scienter element as requiring a showing that a defendant acted "knowingly or

recklessly" is improper because it would be insufficient for plaintiffs to show that an Individual Defendant "acted" with the requisite intent, as the term "acted" is too general, particularly in light of the Court's dismissal of the "scheme" liability claims, under Rules 10b-5(a) and (c), against the Individual Defendants.

## THE COURT'S PROPOSED JURY CHARGE NO. 23

### *Element One: Material Misstatement or Omission*

To satisfy the first element of their Section 10(b) claim against any defendant, plaintiffs must prove by a preponderance of the evidence that during the class period: (1) the defendant made a false or misleading statement, or omitted to state a fact which made what was said, under the circumstances, misleading; and (2) the misstatement or omission involved a "material" fact (or facts), which I will define in a moment.

### Misstatement or Omission

Here, plaintiffs claim that defendants made both material misstatements and material omissions.  A *misstatement* is a statement that was false or misleading when it was made.  An *omission* is a failure to disclose a fact that needed to be disclosed to keep the statements that were actually made from being misleading.

Silence by the defendants is not, in itself, a violation of Section 10(b).  Under the law, the defendants were not required to disclose every piece of information they possessed about Vivendi.  But each defendant had a duty to disclose a fact if a prior or contemporaneous statement he or it made about the same subject would be misleading if the fact was not disclosed.  If a defendant did not have a duty to disclose a fact but chose to make a statement about it, the statement must have been truthful and not misleading.

### Materiality

If you find that plaintiffs have established that a misstatement or omission was made, you must next determine whether the misstatement or omission was "material" under the circumstances.  A fact is "material" if there is a substantial likelihood that a reasonable investor would have considered it important in making investment decisions regarding Vivendi's stock.  A fact is "important" if a reasonable investor would view the fact as significantly altering the total mix of information made available.

Statements of a speaker's opinion may be material if the speaker does not reasonably or genuinely believe the statements at the time they are made.  However, vague, broad, non-specific expressions of optimism are too general for a reasonable investor to rely on.  Statements that a company is generally "optimistic" about its future performance, or that it generally has a "positive outlook and remain[s] confident," are examples of "puffery" that cannot form the basis of a fraud claim under the federal securities laws.

In addition, in considering whether a fact that was omitted was material, you should consider whether the information was already in the public domain. If you find that the information was already in the public domain with enough intensity and credibility to counter-balance any misleading information created by the alleged misstatement(s) or omission(s), then that information cannot be material.

The <em>Making</em> of a Material Misstatement or Omission

A defendant may only be liable for a material misstatement or omission that he or it made. Vivendi, a corporation, may act only through the natural persons who are its agents, such as the corporation's officers and employees. Plaintiffs can satisfy the material misstatement or omission element of their claim against Vivendi if they prove that one of Vivendi's agents (including, but not limited to, Mr. Messier and Mr. Hannezo) made a material misstatement or omission while acting within the scope of their authority.

To satisfy the material misstatement or omission element of their claim against an individual defendant, plaintiffs must prove that the individual defendant actually made a material misstatement or omission which was attributed to him at the time of its public dissemination. For an oral statement, this requirement is satisfied if the individual defendant was the person who actually uttered the statement to the public. For a written statement, this requirement is satisfied if the document bore the individual defendant's name or was signed by him in a manner that shows that he made the statement.

The individual defendants cannot be liable for a material misstatement or omission made after they left the company. Therefore, Mr. Messier cannot be liable for a material misstatement or omission made after he resigned as Vivendi's Chairman and CEO on July 1, 2002, and Mr. Hannezo cannot be liable a material misstatement or omission made after he resigned as Vivendi's CFO on July 17, 2002.

**DEFENDANTS' RESPONSE AND OBJECTION TO**

**THE COURT'S PROPOSED JURY CHARGE NO. 23**

Defendants object to The Court's Proposed Jury Charge No. 23 on the grounds that it misstates the law, is incomplete and is confusing.

<u>First</u>, Defendants object to the first paragraph of charge number 23 because it is also given that it implies that plaintiffs may satisfy the materiality element as

to all defendants if the jury finds that one defendant made a materially false or misleading statement.  Rather, a plaintiff must satisfy each element of 10b-5 against each particular defendant for each misstatement or omission alleged against each particular defendant.  See Lentell v. Merrill Lynch & Co., Inc., 396 F.3d 161, 172 (2d Cir. 2005).  Suggesting that a finding of one materially false or misleading statement satisfies the elements of Rule 10b-5 as to all defendants misstates the law and is unduly prejudicial to Defendants.

Second, Defendants object to the second paragraph of the charge because it is incomplete.  Although the instruction states that a misstatement must have been deemed false or misleading when it was made, it does not further explain that even if subsequent events make the statement erroneous, these events do not establish that the statement was wrong when it was made.  See Defendants' Instruction No. 26.

Third, Defendants object to the third paragraph of the charge because it is incomplete.  Although the instruction correctly states that Defendants were not required to disclose "every piece of information they possessed about Vivendi", it fails to explain that defendants were not required to disclose this information even if it was material.  See In re Time Warner Inc. Sec. Litig., 9 F.3d 259, 267 (2d Cir. 1993) ("a corporation is not required to disclose a fact merely because a reasonable investor would very much like to know that fact").

Fourth, the third paragraph is also incomplete because it does not instruct the jury that it is not a violation of the securities laws to fail to disclose information if that information was already available in the market place.  See Seibert v. Sperry Rand Corp., 586 F.2d 949, 952 (2d Cir. 1978) ("A party's reasonable belief that the other party

already has access to the facts should excuse him from new disclosures which reasonably appear to be repetitive." (internal citations omitted)).

Fifth, Defendants object to paragraph four of the charge because it is also incomplete.  Although the charge states that a fact is important if it "significantly alter[s] the total mix of information made available" it does not define for the jury "the total mix of information made available" as set forth in Defendants' Instruction No. 26.  The total mix of information made available includes information reasonably available to investors, such as analyst reports, newspaper and magazine articles and rating agency press releases.

Sixth, Defendants object to the fifth paragraph of the charge because it is not a complete instruction on the immateriality of "puffery".  Corporations are allowed to operate with a positive outlook, and are not required to take a gloomy, fearful, or defeatist view of the future.  See Rombach v. Chang, 355 F.3d 164, 174 (2d Cir. 2004).  The failure to inform the jury of this fact also makes the instruction misleading.

Seventh, Defendants object to the Court's Proposed Jury Charge No. 23 because, as further discussed in Defendants' objections to the Court's Proposed Jury Charge No. 24, it fails to explain how forward-looking statements are analyzed under the materiality element of plaintiffs' claims.

Eighth, Defendants object to the penultimate paragraph in charge number 23 because it misstates the law.  A statement cannot be said to be attributed to an individual just because the individual's name appears somewhere in the same document as the allegedly misleading statement.  See, e.g., Wright v. Ernst & Young LLP, 152 F.3d 169, 175 (2d Cir. 1998) ("[T]he misrepresentation must be attributed to that specific actor

at the time of public dissemination." (emphasis added)); <u>Winkler v. NRD Mining, Ltd.</u>, 198 F.R.D. 355 (E.D.N.Y. 2000) (director's signature on financial statements contained in annual report could not subject him to primary liability for other statements in report), <u>aff'd sub nom.</u>, <u>Winkler v. Wigley</u>, 242 F.3d 369 (2d Cir. 2000).  Defendants submit that the order of the last two phrases in the sentence "[f]or a written statement, this requirement is satisfied if the document bore the individual defendant's name or was signed by him in a manner that shows that he made the statement" be reversed so that the sentence reads "[f]or a written statement, this requirement is satisfied if the document was signed by the individual defendant or bore the individual defendant's name in a manner that shows that he made the statement."

Defendants' Instruction Nos. 26 and 27 are more accurate and less confusing, instructions on the law.

## THE COURT'S PROPOSED JURY CHARGE NO. 24

### *Element Two: State of Mind - General*

To satisfy the second element of their 10b-5 claim as to a particular defendant, plaintiffs must prove by a preponderance of evidence that the defendant acted with a particular state of mind known as "scienter."

Scienter is a mental state embracing intent to deceive, manipulate, or defraud.  To prove scienter, plaintiffs must prove, by a preponderance of the evidence, that the particular defendant made a materially false statement or omitted to disclose a material fact that needed to be disclosed to keep the statements that were actually made from being misleading with (a) *actual knowledge* that the statement was false or misleading, or (b) with a *reckless* disregard for whether the statement was true of false.  It is not enough for plaintiffs to show that the defendant acted accidentally, mistakenly, or negligently.

A defendant's conduct is "reckless" if it is highly unreasonable and represents an extreme departure from the standards of ordinary care, to the extent that the danger was either known to the defendant or so obvious that the defendant must have been aware of it.  In the context of securities law, a person acts recklessly if he makes a false statement with a reckless disregard for whether it is true or false.  It is not necessary for you to find that the defendant intended to injure the plaintiff, but that he acted in reckless disregard of whether there was a truthful basis in his representations, or in the case of an omission, that he recklessly disregarded the material nature of those omissions.

Under the law, even false representations or statements or omissions of material facts do not amount to fraud unless done recklessly or knowingly.  Even if a statement turns out to be false or misleading, it is not fraudulent or deceptive if the defendant had a good faith belief in the truth or accuracy of the statement at the time he made the statement.

In considering whether or not a defendant acted in good faith, you are instructed that a belief by a defendant, if such belief existed, that ultimately everything would work out so that no one would lose any money does not require a finding by you that he acted in good faith.  No amount of good faith belief on the part of a defendant that investors will ultimately make a profit will excuse fraudulent actions.

In this case, the defendants each contend that one reason they did not act with scienter is because they relied in good faith on the advice of their auditors.  To decide whether the defendant's reliance was in good faith, you should consider whether the defendant made a complete disclosure of all relevant facts to the auditor(s); whether the

defendant received professional advice from the auditor(s) that the statements in question did not violate accounting rules; and whether the defendant relied on that advice in good faith in making his statements or omitting to make disclosure on the subject on which the advice was received.

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proven directly because there is no way of directly scrutinizing the workings of the human mind.  In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done by that person and all other facts and circumstances received in evidence which may aid your determination of that person's knowledge or intent.  You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.  It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

For you to find that Vivendi, which can only act through its agents and employees, had the required state of mind for a statement, plaintiffs must prove that Mr. Messier, Mr. Hannezo, or any other Vivendi agent or employee made the statement to the public with the required state of mind while acting within the scope of his or her authority.  In other words, you must attribute to Vivendi the mental state possessed by the Vivendi agent or employee who made the statement.

## **DEFENDANTS' RESPONSE AND OBJECTION TO THE COURT'S PROPOSED JURY CHARGE NO. 24**

Defendants object to The Court's Proposed Jury Charge No. 24 because it is confusing, it misstates the law, and is incomplete.[2]

Paragraph three of the charge is incomplete and misstates the law because it does not properly explain the "recklessness" standard to the jury.  Specifically, recklessness is correctly defined as "'a highly unreasonable omission, involving not merely simple, or even inexcusable negligence."  See In re Livent, Inc. Sec. Litig., 148 F.

---

[2] Defendants also note that there is a typographical error in the penultimate sentence in the second paragraph.  The sentence should state "(b) with a *reckless* disregard for whether the statement was true or false."  (emphasis added).

Supp. 2d 331, 349 n.3 (S.D.N.Y. 2001) (internal citations omitted); SEC v. Price
Waterhouse, 797 F. Supp. 1217, 1240 (S.D.N.Y. 1992); Singer v. Livoti, 741 F. Supp.
1040, 1043 (S.D.N.Y. 1990).  Indeed, courts have held that reckless disregard for the
truth means "conscious recklessness", which is a state of mind approximating actual
intent, and not merely a heightened form of negligence.  See S. Cherry St., LLC, 573
F.3d at 109.  The conscious recklessness standard is a much higher standard than the
charge suggests.

       Defendants also object to paragraph five of the charge because it is unduly
prejudicial to Defendants.  This instruction implies that a defendant who is optimistic
about a company's future and who makes statements that amount to no more than puffery
is not acting in good faith.  This is not the law.  See Podany v. Robertson Stephens, Inc.,
318 F. Supp. 2d 146, 154 (S.D.N.Y. 2004).  Defendants submit that this paragraph be
deleted.  If the Court decides not to delete this paragraph, Defendants request that the
paragraph be reworded to state "In considering whether or not a defendant acted in good
faith, you are instructed that no amount of good faith belief on the part of a defendant that
investors will ultimately make a profit will excuse fraudulent actions."

       The charge is also incomplete and misleading because it does not explain
that plaintiffs, and not Defendants, bear the burden of establishing that each defendant
did not act in good faith.  It is also incomplete and misleading because the charge does
not explain that retention or acquisition, or losses on the holding, of securities negates
scienter.  See In re Glaxo Smithkline PLC Sec. Litig., No. 05 Civ. 3751(LAP), 2006 WL
2871968, at *12 (S.D.N.Y. Oct. 6, 2006) (reasoning that plaintiffs failed to allege scienter
where individual defendant retained corporation's shares through numerous price

declines); In re Bristol-Myers Squibb Sec. Litig., 312 F. Supp. 2d 549, 561 (S.D.N.Y. 2004) (reasoning that individual defendants' increase in holdings of defendant corporation's stock was inconsistent with a finding of scienter) (citations omitted).  It also does not explain that mere access to information does not establish scienter.  See Goplen v. 51job, Inc., 453 F. Supp. 2d 759, 773 (S.D.N.Y. 2006) (nothing that merely alleging that individual defendants had access to adverse confidential information does not establish scienter) (citations omitted).

Additionally, the charge is incomplete because it does not explain to the jury that an honest mistake in judgment or an honest error in management or even negligence or carelessness does not rise to the level of scienter.  See In re Kulicke & Soffa Indus., Inc. Sec. Litig, 747 F. Supp. 1136, 1142 (E.D. Pa. 1990), aff'd, 944 F.2d 897 (3d Cir. 1991).  The charge also fails to explain that plaintiffs must prove specific details about the source and content of any information contrary to that communicated to the market.  The plaintiffs must establish specific conversations, meetings or reports where each individual learned the true and adverse information.  See San Leandro Emergency Med. Group Profit Sharing Plan v. Philip Morris Cos., 75 F.3d 801, 812–13 (2d Cir. 1996).  Finally, the charge does not explain that plaintiffs must also prove that each statement was made without a reasonable basis or disclosed other than in good faith. See In re Glenayre Tech., Inc. Sec. Litig., No. 96 Civ. 8252(HB), 1998 WL 915907, at *3 (Dec. 30, 1998) (citing San Leandro Emergency Med. Group Profit Sharing Plan, 75 F.3d at 813, 815), aff'd sub nom. Kwalbrun v. Glenayre Tech., Inc., 201 F.3d 431, (2nd Cir. 1999).

Defendants also object to paragraph six of the charge because it is confusing and unnecessary as it imposes upon Defendants the elements of a reliance on the advice of auditors defense, even though Defendants are not asserting such a defense in this case.  Rather, Defendants have presented evidence at trial of their interaction with their auditors as probative evidence of a lack of scienter and not need not meet the elements of the defense to negate a possible finding of scienter.  See Stavroff v. Meyo, 129 F.3d 1265, No. 95-4118, 1997 WL 720475, at *6 (6th Cir. Nov. 12, 1997) ("[A] company's reliance on the guidance of outside auditors is inconsistent with the intent to defraud." (internal citations omitted)).  Needlessly including the elements of such a defense in this instruction risks confusing the jury and causing them to erroneously ignore the highly probative evidence as it relates to scienter because it does not meet the specific standard for the "reliance on advice of auditors" defense.  This is highly prejudicial to Defendants, and should not be permitted.  However, should the Court not delete this instruction, Defendants object to the use of the word "should" in the sentence "To decide whether the defendant's reliance was in good faith, you should . . ." and submit that the word "may" be used to accurately reflect the law.

Finally, charge number 24 is confusing because it does not explain to the jury that a different scienter standard applies to forward-looking statements.  Although The Court's Proposed Jury Charge No. 25 explains this standard, because charge number 24 refers to scienter generally, it is potentially confusing to the jury to not explain both the limitations of this general instruction, and that additional instructions on the forward-looking statement standard will be described later.

**THE COURT'S PROPOSED JURY CHARGE NO. 25**

*Element Two: State of Mind – Forward-Looking Statements*

Some of the statements that plaintiffs allege contain material misstatements or omissions are "forward-looking statements." A forward-looking statement is defined as a projection of future earnings, losses or other financial items; a statement of the plans and objectives of management for the future operation of the company; or a statement of future economic performance of the company.

Under the law, a different set of rules apply to forward-looking statements.  If you find that a statement alleged to contain a material misstatement or omission is a forward-looking statement, you must determine whether the statement was accompanied by "meaningful cautionary statements"—that is, statements identifying important factors that could cause actual results to differ materially from those in the statement. If you find that the statement did include such meaningful cautionary language, then it cannot be fraudulent even if it turns out that the projections or forecasts were not correct, and your inquiry should end as to that statement.

If you find that the forward-looking statement did not include meaningful cautionary language, then you must consider whether the statement was made with actual knowledge by the person making the statement that the statement was false or misleading.  For an individual defendant to be liable for a forward-looking statement, plaintiffs must prove that the individual defendant had actual knowledge that the forward-looking statement was false or misleading at the time the statement was made.  For Vivendi to be liable for a forward-looking statement, the plaintiffs must prove that the statement was made by or with the approval of an executive officer of Vivendi (such as Mr. Messier or Mr. Hannezo) who had actual knowledge that the statement was false or misleading at the time the statement was made.

**DEFENDANTS' RESPONSE AND OBJECTION TO**

**THE COURT'S PROPOSED JURY CHARGE NO. 25**

Defendants object to The Court's Proposed Jury Charge No. 25 because it

is confusing, legally incorrect and incomplete.

First, the introduction of a forward-looking statement for the first time in

the scienter charge is potentially confusing to the jury because forward-looking

statements were not explained in the materiality charge.  By introducing this concept under the scienter section of the charges, which is the second element of plaintiffs' claim, the jury may be confused as to whether they must also determine if any of the alleged false and misleading statements were forward looking or not.  This will not only delay the jury's deliberation process, but will also likely confuse them.  A description of forward-looking statements should be included under the materiality section of the Jury Charge.

Second, the charge is also confusing and legally incorrect because it fails to properly differentiate between oral and written forward-looking statements.  In contrast, Defendants' Instruction No. 26 clearly sets forth the differing rules for written and oral forward-looking statements. As a result of the imprecision of the charge, the jury will be unable to properly evaluate whether a particular forward-looking statement was accompanied by "meaningful cautionary statements".

Third, the charge fails to note that a corporation has no duty to update a forward-looking statement once it is issued.  See 15 U.S.C. § 78u-5(d); In re Duane Reade Inc. Sec. Litig., No. 02 Civ. 6478(NRB), 2003 WL 22801416, at *7 (S.D.N.Y. Nov. 25, 2003).  That is a significant omission in the proposed instruction, and is contrary to law.

For those reasons, Defendants' Instructions Nos. 26 and 28 more accurately explain the law.

## THE COURT'S PROPOSED JURY CHARGE NO. 26

### *Element Three: Justifiable Reliance*

To satisfy the third element of their Section 10(b) claim, known as the "reliance" requirement, plaintiffs must prove by a preponderance of the evidence that they justifiably relied on defendants' alleged material misstatements and omissions.

In this case, justifiable reliance is presumed under the fraud-on-the-market rule.  The fraud-on-the-market rule is based on the observation that, in an open and developed market for stocks, such as those like Vivendi that are publicly traded, the market price of a company's stock is generally determined by, and reflects, the available, relevant, and credible information concerning the company and its business.  The failure to disclose material negative information about such a company or its business, or the making of misleading or false positive statements about the company or its subsidiaries, may cause a company's stock to sell at a higher price than that at which it would have sold if the true facts about the company or its business had been known.

Under the fraud-on-the-market rule, the law recognizes that members of the public are entitled to rely upon the price of a stock to reflect its value accurately.  An investor who buys or sells stock at the price set by the market relies on the integrity of that price; that is, he relies on that price to reflect only true information about the stock.  Plaintiffs are not required to prove that they actually relied upon or even had knowledge of any specific misstatement or omission.  Instead, because plaintiffs purchased in reliance upon the market price of the stock, if plaintiffs prove that an alleged misrepresentation or omission is material, it is presumed they justifiably relied upon it.

To rebut the presumption, the defendants must prove by a preponderance of the evidence that there was no link between any alleged misrepresentations or omissions and the price plaintiffs paid for the stock or their decision to trade at a fair price.  Defendants can do this by proving that complete and truthful information had credibly entered the market so that the price of the stock was correct and did not respond to defendants' alleged misrepresentations or omissions.

## DEFENDANTS' RESPONSE AND OBJECTION TO

## THE COURT'S PROPOSED JURY CHARGE NO. 26

Defendants object to The Court's Proposed Jury Charge No. 26 on the grounds that it misstates the law, is unduly prejudicial, is incomplete and is confusing.

The charge misstates the law because it does not explain to the jury that in an efficient market the price of a stock adjusts rapidly to information.  See In re Livent, Inc. Noteholders Sec. Litig., 211 F.R.D. 219, 221 (S.D.N.Y. 2002) (quoting Saddle Rock Partners, Ltd. v. Hiatt, No. 96-CV-9474, 2000 WL 1182793, at *3 (S.D.N.Y. Aug. 21, 2000)).  A failure to include this instruction would unduly prejudice Defendants because it could hinder their ability to establish that Vivendi's stock price had already incorporated certain information on the alleged inflation dates identified by Dr. Blaine Nye.

Defendants also object to the charge because it incorrectly states the relevant legal standard for an omission to be actionable.  The statement in the second paragraph that "[t]he failure to disclose material negative information about such a company or its business," misstates the law because an omission is only actionable if the failure to reveal information renders a statement made by Defendants misleading.  Similarly, Defendants object to the charge because it does not contain the correct statement of the law for material statements.  A statement is materially false or misleading because it omits to state a fact that would be necessary to make it not misleading, not that the statement must be "a material misstatement or omission."

Finally, Defendants also object to the charge because it misstates the law regarding what Defendants must establish to rebut the presumption of reliance.  Defendants must prove that the truth was available to the market, they do not have to prove that the complete truth was available.  See Basic Inc. v. Levinson, 485 U.S. 224, 248–49 (1988).

For these reasons, Defendants respectfully submit that Defendants'
Instruction No. 36 is a more accurate and complete instruction of the law for justifiable
reliance.

**THE COURT'S PROPOSED JURY CHARGE NO. 27**

*Element Four: Economic Loss Resulted from the*

*Material Misstatement(s) or Omission(s)*

To prevail on the fourth element of their Section 10(b) claim as to a particular defendant, plaintiffs must prove by a preponderance of the evidence that: (1) the alleged material misstatement(s) or omission(s) concealed something from the market that, when disclosed, caused the price of Vivendi's shares to drop; and (2) that the loss suffered by the plaintiffs was a foreseeable consequence of the alleged material misstatement(s) or omission(s).

**DEFENDANTS' RESPONSE AND OBJECTION TO**

**THE COURT'S PROPOSED JURY CHARGE NO. 27**

Defendants object to The Court's Proposed Jury Charge No. 27 on the grounds that it misstates the law, is unduly prejudicial, is incomplete and is confusing.

First and foremost, this charge misstates the law because it does not state that plaintiffs must establish that the market price of Vivendi's shares was inflated as a result of the allegedly material false or misleading statement.  See In re Merrill Lynch & Co., 273 F. Supp. 2d 351, 363 (S.D.N.Y. 2003), aff'd sub nom. Lentell, 396 F.3d 161. Thus, not only does the charge fail to instruct the jury that plaintiffs must establish that Vivendi's stock price was inflated as a result of the allegedly material false and misleading statements, but also that materially false and misleading statements were made, and not "material misstatement(s) or omission(s)."

Moreover, the charge also misstates the law because the Second Circuit requires a plaintiff to show that a false or misleading statement played a substantial part in bringing about, or actually causing, the damage they are alleged to have suffered in order to establish liability under Section 10(b).  See id. at 368.  The charge also fails

because it misleadingly focuses on "misrepresentations and omissions", when in fact an "omission" is only a violation of Rule 10b-5 if a defendant fails to state a fact necessary to make a statement that was made not misleading.  It is not a violation of Section 10(b) and Rule 10b-5 not to disclose information that is already available in the market either through the company or others.  See Seibert, 586 F.2d at 952.

The charge is also incomplete because it fails to explain that plaintiffs have not alleged that Defendants' alleged violation of French and U.S. GAAP caused them any loss.  As a result, the jury may erroneously take into account testimony by plaintiffs' witnesses, or other evidence presented by Plaintiffs, that may have suggested that Vivendi's financial statements violated French or U.S. GAAP in determining plaintiffs' loss causation requirement.

Moreover, the charge is also confusing because it does not explain that plaintiffs must distinguish the alleged fraud from the other factors that affected Vivendi's stock price, and ascribe a rough proportion of the whole loss to the alleged false or misleading statement.  See In re Vivendi Universal, S.A. Sec. Litig., 634 F. Supp. 2d 352, 365 (S.D.N.Y. 2009) (citing Lattanzio v. Deloitte & Touche LLP, 476 F.3d 147, 158 (2d Cir. 2007)).  It is also unnecessarily vague.  A statement is not actionable if it omits "something" that makes the statement misleading, but if the statement omits a fact necessary to make a statement that was made not misleading.

Furthermore, the charge is also incomplete.  First, the charge is incomplete because it fails to explain that if the revelation of previously concealed information is not the cause of a decline in Vivendi's stock price, plaintiffs cannot establish loss causation.  See Lentell, 396 F.3d at 175.  Second, the charge does not explain that to establish that

the alleged loss was foreseeable, plaintiffs must establish that the risk of the event

occurring would have been perceived as remote or highly unlikely to a reasonable

investor believing the fraud.  See Lentell, 396 F.3d at 173 (quoting Castellano v. Young

& Rubicam, 257 F.3d 171, 188 (2d Cir. 2001)).

## THE COURT'S PROPOSED JURY CHARGE NO. 28

### *Damages under Section 10(b)*

If you find that plaintiffs have <u>not</u> proven all four elements of their Section 10(b) claim against a particular defendant, then you should find in favor of that defendant and you should not consider the question of damages as to that defendant.

If you find that plaintiffs have proven all of the elements of their Section 10(b) claim against one or more of the defendants, then you must determine the amount of per share damages, if any, to which plaintiffs are entitled. Plaintiffs have the burden of proving damages by a preponderance of the evidence.

Plaintiffs can recover only actual damages, which is the difference between the price plaintiffs paid for each share of Vivendi stock and the price the share would have cost if no false or misleading statement or omission of material fact had occurred—in other words, the inflation in the stock price.

There may be factors other than the alleged false or misleading statements that affected Vivendi's stock price on any given day. Plaintiffs bear the burden of disaggregating (or separating out) any declines that were caused by other non-fraud related events. Defendants are not liable for any loss resulting from those other non-fraud related events.

Any damage calculation you determine must be expressed in terms of the daily amount of inflation per share. A Verdict Form has been prepared which will assist you in this process. You should not be concerned specifically about the amount that any particular class member would be entitled to recover—for example based on whether he or she sold shares or continues to hold them—as those issues would be handled by the Court in a claims administration procedure if your verdict is in favor of plaintiffs. Your only task, if you award damages, is to determine the daily inflation values.

Any damages you award must have a reasonable basis in the evidence. Damages need not be proven with mathematical certainty but there must be enough evidence for you to make a reasonable estimate of damages.

## DEFENDANTS' RESPONSE AND OBJECTION TO

## THE COURT'S PROPOSED JURY CHARGE NO. 28

Defendants agree that an instruction similar to The Court's Proposed Jury Charge No. 28 should be given.  Defendants submit that either The Court's Proposed Jury Charge No. 28 or Defendants' Instruction No. 39 would be appropriate.

## THE COURT'S PROPOSED JURY CHARGE NO. 29

### *Secondary Liability under Section 20(a): Mr. Messier and Mr. Hannezo*

I have just described to you what plaintiffs must prove with respect to each defendant to prevail on their claim that the defendant committed a direct or primary violation of Section 10(b). If you conclude that Mr. Messier or Mr. Hannezo were not primary violators of Section 10(b), you must then consider whether they are liable as a "secondary violator."

Under Section 20(a), an individual defendant may be liable as a secondary violator even if he did not personally commit a Section 10(b) violation, if he was what the law calls a "controlling person" of a company that itself is a primary violator of the securities laws. Here, the plaintiffs claim that even if Mr. Messier and/or Mr. Hannezo are not primary violators of Section 10(b), either or both of them are secondary violators under Section 20(a) because each was a controlling person of Vivendi.

An individual defendant cannot be found liable under both Section 10(b) and Section 20(a) for the same misstatement or omission. Thus, you should only consider whether an individual defendant is secondarily liable as a controlling person with regard to a particular misstatement or omission if you find that with regard to that statement, Vivendi violated Section 10(b) but the individual defendant did not.

To prove that an individual defendant was liable as a "controlling person" under Section 20(a), plaintiffs have the burden of proving the following three elements by a preponderance of the evidence:

(1) Vivendi committed a Section 10(b) violation;

(2) the individual defendant in question controlled Vivendi (as defined below); and

(3) the defendant in question was a culpable participant in the fraud perpetrated by Vivendi (as defined below).

To establish that an individual defendant controlled Vivendi, plaintiffs must prove that the individual defendant possessed, directly or indirectly, the power to direct or cause the direction of the actions of Vivendi constituting the violation. In deciding whether Mr. Messier or Mr. Hannezo were controlling persons, you may consider, among other things: whether either individual was a senior officer of Vivendi, a director, or a member of the executive committee; whether either individual attended directors' meetings or executive committee meetings; or whether either individual supervised the operations of Vivendi that are alleged to be central to or connected to any primary violation of Section 10(b) by Vivendi. No one factor is determinative. There may be more than one control person of a corporation at any given time. The plaintiffs do not need to show that the individual defendant *actively* exercised control over the conduct constituting the primary violation, but they do

need to show that the individual defendant had the actual power or ability, in practice, to direct the conduct of Vivendi constituting the violation.

To establish that an individual defendant was a "culpable participant" in a primary violation, plaintiffs must prove that the individual defendant acted with knowledge that (or should have known that) Vivendi was engaging in fraudulent or deceptive conduct. In the case of alleged inaction, plaintiffs must show that the defendant's inaction was deliberate and done intentionally to further the fraud or deception.

## DEFENDANTS' RESPONSE AND OBJECTION TO

## THE COURT'S PROPOSED JURY CHARGE NO. 29

Defendants object to The Court's Proposed Jury Charge No. 29 because it is erroneous, incomplete and confusing. In explaining the elements of liability under Section 20(a), the charge fails to explain that the individual defendant must have had actual control over Vivendi. See H&H Acquisition Corp. v. Fin. Intranet Holdings, No. 98 Civ. 5269(BSJ)(HBP), 2009 WL 3496826, at *7 (S.D.N.Y. Oct. 29, 2009). Although the charge later mentions the requirement of actual control, it is confusing and misleading to not mention this requirement when the elements of the claim are discussed. Similarly, in the third element, the charge refers to "the defendant in question", this is misleading as defendant Vivendi cannot be held liable for a Section 20(a) violation. The charge should state "the individual defendant in question."

The charge fails to explain that in order to establish that an Individual Defendant was a controlling person with respect to a primary securities law violation, plaintiffs must prove that that Individual Defendant exercised actual control over the primary violator, which means that the Individual Defendant must have some enforceable power over the primary violator. See In re Motel 6 Sec. Litig., 161 F. Supp. 2d 227, 238 (S.D.N.Y. 2001) (citing In re Blech Sec. Litig., 961 F. Supp. 569, 587 (S.D.N.Y. 1997)).

Additionally, the charge does not instruct the jury that the Individual Defendants' status as officers of Vivendi, in and of itself, is insufficient to establish that the Individual Defendant controlled Vivendi.  See In re Flag Telecom Holdings, Ltd. Sec. Litig., 308 F. Supp. 2d 249, 274 (S.D.N.Y. 2004).  Without such an instruction, there is undoubtedly a risk that the jury will automatically equate Individual Defendants' status as officers of Vivendi with control, which would be contrary to the law.  Moreover, the charge is also confusing because by stating that "no one factor is determinative" the jury could construe this instruction to mean that two or more of the factors that the Court lists are sufficient, without more, to be tantamount to having the requisite powers of control. That is not the law.

In addition to adding an instruction that Individual Defendants' status as an officer of Vivendi is insufficient to establish control person liability, Individual Defendants request that the following sentence be deleted from the charge: "In deciding whether Mr. Messier or Mr. Hannezo were controlling persons, you may consider, among other things: whether either individual was a senior officer of Vivendi, a director, or a member of the executive committee; whether either individual attended directors' meetings or executive committee meetings; or whether either individual supervised the operations of Vivendi that are alleged to be central to or connected to any primary violation of Section 10(b) by Vivendi."  This sentence is misleading because it suggests that an Individual Defendant's status as an officer, director, or member of the executive committee, his attendance at director or executive committee meetings or his supervision, without enforceable power over the primary violator, is enough to establish control.   This sentence is also improper because it puts the Court's imprimatur on the various examples

that may well cause the jury to infer that the Court is instructing them that the Individual

Defendants had "control" for purposes of Section 20(a).  Should the Court decide to keep

this sentence over Individual Defendants' objection, Individual Defendants request that

the sentence "No one factor is determinative" be revised to state that "None of these

factors, taken alone or together, are sufficient in themselves to mean that an individual

defendant had the requisite control."

        The charge is also incomplete and misleading, particularly in light of the

aforementioned sentence that Defendants request be deleted, because it fails to explain to

the jury that mere ability to influence Vivendi's actions is insufficient to establish control

person liability.  See, e.g., H&H Acquisition Corp., 2009 WL 3496826, at *7; In re Flag

Telecom Holdings, Ltd. Sec. Litig., 352 F. Supp. 2d at 458; In re Alstom SA, 406 F.

Supp. 2d, 433, 487 (S.D.N.Y. 2005); In re Motel 6 Sec. Litig., 161 F. Supp. 2d at 238.

Such an instruction is important to avoid jury confusion between the ability to influence

and control.

        Moreover, contrary to the law, the charge improperly suggests that mere

influence is sufficient to establish control.  By directing the jury to consider officer status,

attendance at meetings and "whether either individual supervised the operations of

Vivendi that are alleged to be central to or connected to any primary violation of Section

10(b) by Vivendi," the jury could be mislead to believing that mere influence in

connection with regard to any of those matters could be tantamount to control.  The

Individual Defendants are not aware of any legal authority that supports the proposition

that if one supervises "operations" that are "connected to" a violation, that can be enough

to establish control.

## THE COURT'S PROPOSED JURY CHARGE NO. 30

### *Good Faith Defenses under Section 20(a)*

Each individual defendant contends that even if he was a controlling person under Section 20(a), he is not liable under Section 20(a) based on a good faith defense. Under Section 20(a), each individual defendant can establish a good faith defense by proving by a preponderance of the evidence that he acted in good faith and that he did not directly or indirectly induce the act or acts constituting the primary violation. The good faith of each individual defendant's actions should be determined at the time these actions were taken.

The assertion of this affirmative defense, however, does not relieve plaintiffs of their burden of proving culpable participation as an element of the Section 20(a) claim.

## DEFENDANTS' RESPONSE AND OBJECTION TO

## THE COURT'S PROPOSED JURY CHARGE NO. 30

Individual Defendants object to The Court's Proposed Jury Charge No. 30 because it is incomplete and confusing. The charge is incomplete because it fails to instruct the jury that a person who acts, or causes another person to act, on a belief or opinion honestly held is not liable under Section 20(a) merely because the opinion or belief turns out to be inaccurate, incorrect or wrong. Such elaboration is necessary in order to give the jury a complete and accurate description of the law regarding the good faith defense under Section 20(a).

The charge is also confusing because it does not clearly explain to the jury that plaintiffs must establish culpable participation even when Individual Defendants raise a good faith defense. Individual Defendants request that the second sentence in the first paragraph be deleted and replaced with "Under Section 20(a), each individual defendant can establish a good faith defense by proving that he acted in good faith and

that he did not directly or indirectly induce the act or acts constituting the primary violation.  Furthermore, Individual Defendants request that the following sentence be added to the end of the first paragraph "The assertion of this affirmative defense, however, does not relieve plaintiffs of their burden to prove culpable participation as an element of their claim."

## THE COURT'S PROPOSED JURY CHARGE NO. 31

### *Damages under Section 20(a)*

If you find that either or both of the individual defendants violated Section 20(a), they will be responsible for the same amount of damages, if any, that you award on the Section 10(b) claim.  You need not perform a separate damages calculation.

Plaintiffs will recover damages, if any, only once, even if you find liability under both Section 10(b) and Section 20(a), and even if you find that multiple defendants have committed violations of either or both of these sections.

## DEFENDANTS' RESPONSE AND OBJECTION TO

## THE COURT'S PROPOSED JURY CHARGE NO. 31

Individual Defendants object to The Court's Proposed Jury Charge No. 31 on the grounds that it is confusing and legally incorrect.

The instruction is legally incorrect because Individual Defendants will not necessarily be liable for the same amount of damages the jurors award against Vivendi on the Section 10(b) claim.  Further, since plaintiffs are not required to take any action, this instruction is unnecessary.  Individual Defendants request that this instruction be deleted from the Jury Charge.

Moreover, the instruction is confusing.  The first sentence of the charge implies that both of the individual defendants will be liable with the primary violator for any damages the jury awards the plaintiffs on their Section 10(b) and 10b-5 claims, even if the jury only finds that one individual defendant was liable.  A defendant cannot be liable for Section 20(a) damages if he is not deemed a control person under the Section.  See Boguslavsky v. Kaplan, 159 F.3d 715, 719 (2d Cir. 1998) (reasoning that a controlling person under Section 20(a) is jointly and severally liable with a controlled

person to any person to whom the controlled person is liable unless the controlling person acted in good faith and didn't directly or indirectly induce the act or acts constituting the cause of action (quoting 15 U.S.C. § 78t(a))).

Similarly, the last sentence of the instruction is confusing because it implies that an individual defendant could be liable under both Section 10(b) and Section 20(a) for the same conduct when they cannot.

## THE COURT'S PROPOSED JURY CHARGE NO. 32

### *Right to See Exhibits and Hear Testimony*

Now, ladies and gentlemen, you are about to go into the jury room and begin your deliberations. All of the exhibits that have been admitted into evidence will be available to you. If you want any exhibit, you may request it. If you want any of the testimony read, you may also request that. Please remember that if you do ask for testimony, the reporter must search through his or her notes and the lawyers must agree on what portions of testimony may be called for, and if they disagree, I must resolve these disagreements. That can be a time-consuming process. So please try to be as specific as you possibly can in requesting portions of the testimony, if you do.

Your requests for exhibits and testimony—in fact, any communication with the Court—should be made to me in writing, signed by your foreperson, and given to one of the Marshals. In any event, do not tell me or anyone else how the jury stands on any issue until after a verdict is reached.

## DEFENDANTS' RESPONSE AND OBJECTION TO

## THE COURT'S PROPOSED JURY CHARGE NO. 32

Defendants agree that an instruction similar to The Court's Proposed Jury Charge No. 32 should be given. Defendants submit that either The Court's Proposed Jury Charge No. 33 or Defendants' Instruction No. 41 would be appropriate.

## THE COURT'S PROPOSED JURY CHARGE NO. 33

### *Duty to Deliberate/Verdict*

It is for you, and you alone, to decide whether the plaintiffs have sustained the burden of proof on their claims with respect to each element of those claims as I have explained them to you.  If you find that the plaintiffs have succeeded on a claim, you should return a verdict in their favor on that claim.  If you find that the plaintiffs have failed to sustain their burden on any element of a claim, you should return a verdict in favor of defendant(s) on that claim.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement.  Each of you must decide the case for yourself but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous.  Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of the jurors.  Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

## DEFENDANTS' RESPONSE AND OBJECTION TO

## THE COURT'S PROPOSED JURY CHARGE NO. 33

Defendants agree that an instruction similar to The Court's Proposed Jury Charge No. 33 should be given.  Defendants submit that either The Court's Proposed Jury Charge No. 32 or Defendants' Instruction No. 42 would be appropriate.

## THE COURT'S PROPOSED JURY CHARGE NO. 34

### *Selection of Foreperson*

When you retire, you should elect one member of the jury as your foreperson. Your foreperson will preside over the deliberations and speak for you here in open court. The foreperson has no greater voice or authority than any other juror.

The foreperson will send out any notes and, when the jury has reached a verdict, she will notify the Marshal that the jury has reached a verdict.

## DEFENDANTS' RESPONSE AND OBJECTION TO

## THE COURT'S PROPOSED JURY CHARGE NO. 34

Defendants agree that an instruction similar to The Court's Proposed Jury Charge No. 34 should be given. Defendants submit that either The Court's Proposed Jury Charge No. 34 or Defendants' Instruction No. 43 would be appropriate.

## THE COURT'S PROPOSED JURY CHARGE NO. 35

### *Return of Verdict*

I will give you a Verdict Form to be filled in by the jury. The purpose of the questions on the form is to help us—the Court, and counsel for the plaintiffs and the defendants—to understand what your findings are. I will hand this form, which contains a set of questions, to the Deputy Clerk who will give it to you so that you may record the decision of the jury with respect to each question.

No inference is to be drawn from the way the questions are worded so as to what the answer should be. The questions are not to be taken as any indication that I have any opinion as to how they should be answered.

Before the jury attempts to answer any question, you should read all of the questions, and make sure that everyone understands each question. Before you answer the questions, you should deliberate in the jury room and discuss the evidence that relates to the questions you must answer. When you have thoroughly considered the questions and the evidence that relates to those questions, record the answers to the questions on the verdict form. Remember, all answers must be unanimous.

After you have reached a verdict and your foreperson has filled in the verdict form that has been given to you, each of you should sign and date it, and then advise the Marshal outside your door that you are ready to return to the courtroom.

I will stress that you should be in agreement with the verdict which is announced in Court. Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

I thank you for your time and attentiveness.

## DEFENDANTS' RESPONSE AND OBJECTION TO

## THE COURT'S PROPOSED JURY CHARGE NO. 35

Defendants agree that an instruction similar to The Court's Proposed Jury

Charge No. 35 should be given. Defendants submit that either The Court's Proposed Jury

Charge No. 35 or Defendants' Instruction No. 44 would be appropriate.

Dated:   January 4, 2010
        New York, New York

Respectfully Submitted,

James W. Quinn, Esq.
Penny P. Reid, Esq.

Paul C. Saunders, Esq.
Daniel Slifkin, Esq.
Timothy G. Cameron, Esq.

CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000

*Attorneys for Defendant Vivendi, S.A.*

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8000

*Attorneys for Defendant Vivendi, S.A.*

Martin L. Perschetz, Esq.
Michael E. Swartz, Esq.
Einat Philip, Esq.

SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, NY 10022

*Attorneys for Defendant Guillaume Hannezo*

Michael J. Malone, Esq.
Paul A. Straus, Esq.

KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036

*Attorneys for Defendant Jean-Marie Messier*