UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE VIVENDI UNIVERSAL, S.A.
SECURITIES LITIGATION

02 Civ. 5571 (RJH/HBP)
ECF CASE

---

## DEFENDANTS' REVISED OBJECTIONS TO
## THE COURT'S PROPOSED CHARGE TO THE JURY

| | |
|---|---|
| CRAVATH, SWAINE & MOORE LLP<br>825 Eighth Avenue<br>New York, NY 10019<br>*Attorneys for Defendant Vivendi, S.A.* | WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, NY 10153<br>*Attorneys for Defendant Vivendi, S.A.* |
| KING & SPALDING LLP<br>1185 Avenue of the Americas<br>New York, New York 10036<br>*Attorneys for Defendant<br>Jean-Marie Messier* | SCHULTE ROTH & ZABEL LLP<br>919 Third Avenue<br>New York, NY 10022<br>*Attorneys for Defendant<br>Guillaume Hannezo* |

US_ACTIVE:\43250561\01\79204.0028

Pursuant to Federal Rule of Civil Procedure 51(c)(1), Defendants Vivendi, S.A. ("Vivendi"), Jean-Marie Messier, and Guillaume Hannezo (collectively, "Defendants") respectfully submit these revised objections to The Court's Proposed Charge to the Jury ("Jury Charge"). Defendants incorporate herein by reference, and are not waiving, all previous objections in correspondence and in pleadings. Defendants object generally to the Jury Charge because it contains, <u>inter alia</u>, erroneous instructions on the law, is confusing, and is prejudicial to Defendants.

## THE COURT'S PROPOSED JURY CHARGE NO. 11

### *Credibility of Witnesses*

You have had the opportunity to observe the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of witness testimony.

How do you determine where the truth lies? You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility that a witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. It is your duty to consider whether the witness has permitted any such bias or interest to color his testimony.

You should consider the opportunity each witness had to see, hear and know the things about which he testified, the accuracy of his memory, his candor or lack of candor, his intelligence, the reasonableness and probability of his testimony and its consistency, or lack of consistency and its corroboration, or lack of corroboration, with other believable testimony. You watched the witnesses testify (and heard their deposition testimony played or read). Everything a witness said or did while testifying counts in your determination. How did the witness appear? What was the witness' demeanor while testifying? Often it is not what people say, but how they say it, that moves us.

In deciding whether to believe a witness, keep in mind that people sometimes forget things. You need to consider, therefore, whether in such a situation the witness's testimony reflects an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important factor or with only a small detail.

If you find that any witness has willfully testified falsely as to any material fact (that is, as to an important matter) the law permits you to disregard completely the entire testimony of that witness upon the principle that one who testifies falsely about one material fact is likely to testify falsely about everything. You are not required, however, to consider such a witness as totally unworthy of belief. You may accept so much of the witness' testimony as you deem true and disregard what you feel is false. As the sole judges of the facts, you must decide which of the witness you will believe, what portion of the testimony you accept, and what weight you will give to it.

In other words, what you must try to do in deciding credibility is to size up a witness up in light of his demeanor, the explanations given, and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment, and your life experience.

## DEFENDANTS' RESPONSE AND OBJECTION TO THE COURT'S PROPOSED JURY CHARGE NO. 11

Defendants agree that an instruction similar to The Court's Proposed Jury Charge No. 11 should be given. However, Defendants object to the last sentence in the second paragraph as unduly prejudicial. The rest of this instruction tells the jurors they "should consider" or "may consider" particular factors relating to credibility. By singling out for the jurors that they have a "duty" only with respect to evaluating bias and interest in the outcome – two factors that overwhelmingly incline against defendants – the charge is unfavorably tipped in Plaintiffs' favor.

### THE COURT'S PROPOSED JURY CHARGE NO. 12

#### *Interest in Outcome*

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case. Such an interest in the outcome of the case creates a motive to testify falsely and may sway a witness to testify in a way that advances the witness's own interest. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his testimony, and accept it with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. An interested witness is not necessarily less credible than a disinterested witness. The fact that a witness is interested in the outcome of the case does not mean that he has not told the truth. It is for you to decide, based upon your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his testimony.

### DEFENDANTS' RESPONSE AND OBJECTION TO THE COURT'S PROPOSED JURY CHARGE NO. 12

Defendants object to The Court's Proposed Jury Charge No. 12 because it is unnecessarily duplicative of The Court's Proposed Jury Charge No. 11 and prejudicial to Defendants. Charge number 11 includes a witness's possible interest in the outcome of the trial as a factor to be considered in evaluating a witness's credibility. Charge number 12 is redundant of charge number 11 and, therefore, is unnecessary and should be deleted. See, e.g., Tradecard, Inc. v. S1 Corp., 509 F. Supp. 2d 304, 326 (S.D.N.Y. 2007) ("I declined to add the requested language, considering that it was redundant. . . . It was unnecessary to single out this particular point for emphasis." (internal quotations omitted)); see also Cooper v. City of Ashland, Nos. 03-15169, 03-15228, 2004 WL 2287739, at *2 (9th Cir. Oct. 6, 2004) (upholding lower court's exclusion of proposed jury instruction because it "would have been largely redundant"); United States v.

Ramirez, No. 06 CR 809, 2008 WL 4344901, at *3 (N.D. Ill. Mar. 18, 2008) ("Defendant's proposed jury instruction was properly denied as redundant; and the jury was properly instructed as to this issue.").

The Court's Proposed Jury Charge No. 12 also prejudices Defendants because it places undue weight on a factor that overwhelming cuts against Defendants. Every fact witness who testified for Defendants was either an individual defendant or a current officer of Vivendi or one of its affiliates, all of whom could be said to have had an "interest" in the outcome of the trial. Inclusion of a separate charge that focuses on the interest of witnesses in the outcome of the trial clearly places unnecessary emphasis on a consideration that has an unduly prejudicial impact upon Defendants.

Defendants submit that the last sentence in the first paragraph be deleted because it is unduly prejudicial to Defendants for the reasons discussed herein. However, should the Court decide not to delete this sentence, Defendants request that the phrase "accept it with great care" be deleted from the sentence.

5

## THE COURT'S PROPOSED JURY CHARGE NO. 21

### *Introduction to Plaintiffs' Claims*

I will now instruct you on the law that governs plaintiffs' claims in this case.

This case has been brought as a class action. A class action is a type of proceeding in which an individual shareholder represents all persons or institutions with similar claims. In this class action, several individual shareholders represent a class of persons who purchased or otherwise acquired shares of Vivendi Universal, S.A. between October 30, 2000 and August 14, 2002 (which I will refer to as the "class period").

The defendants in this case are Vivendi Universal, S.A. (which I will refer to as "Vivendi"), and two individuals, Jean-Marie Messier (Vivendi's former Chief Executive Officer) and Guillaume Hannezo (Vivendi's former Chief Financial Officer). When I refer to "defendants," I am referring to all of three of the defendants in this case. When I refer to the "individual defendants," I am referring only to Mr. Messier and Mr. Hannezo.

The plaintiffs claim to have suffered a loss caused by defendants' alleged violation of the federal securities laws. These securities laws govern the buying and selling of securities, such as stocks and bonds. Major securities laws were passed by Congress during the 1930s to protect investors and, among other things, to outlaw deceptive practices that may distort the fair and just price of a stock. The plaintiffs have brought claims under Section 10(b) and Section 20(a) of the Securities Exchange Act of 1934, an Act which was intended to prevent inequitable and unfair practices and to insure fairness in securities transactions generally.

As I will explain in due course, some of plaintiffs' claims apply to all of the defendants, while other claims apply to some defendants and not others. You should consider each claim and the evidence on each claim separately, as if each claim had been tried separately.

## DEFENDANTS' RESPONSE AND OBJECTION TO THE COURT'S PROPOSED JURY CHARGE NO. 21

Defendants agree that an instruction outlining the nature of Plaintiffs' claims <u>may</u> be appropriate. Defendants object, however, to this charge as vague, prejudicial, and incomplete.

Specifically, Defendants object to the following passages from the fourth paragraph of this charge as argumentative, prejudicial, biased and irrelevant.

> Major securities laws were passed by Congress during the 1930s to protect investors and, among other things, to outlaw deceptive practices that may distort the fair and just price of a stock.
>
> . . . an Act which was intended to prevent inequitable and unfair practices and to insure fairness in securities transactions generally.

The purpose of an implied private right of action under the securities laws and the importance of such actions is irrelevant and will only distract the jury's attention from its obligation to resolve the relevant factual disputes in this case on the merits. By suggesting that the law "protect[s] investors" and "prevent[s] inequitable and unfair practices and to insure fairness in securities transactions" the charge suggests that the jury decide this case on emotion rather than the application of the facts of this case to the law. Moreover, the suggestion that the securities laws are "to outlaw deceptive practices that may distort the fair and just price of a stock" is suggestive of a conclusion of misconduct on the part of Defendants, and would be highly prejudicial to Defendants.

The charge also is incomplete because it fails to instruct the jury that Congress has enacted significant reforms to the securities laws, including the PSLRA and SLUSA, to curb abuses by plaintiffs in the use of implied private actions and the effects of those abuses on the U.S. economy. It also fails to instruct the jury that the enforcement of those statutes has resulted in the prosecution and conviction of certain class action lawyers. Indeed, one of the law firms originally involved in this case, Milberg Weiss LLP, was specifically singled out by Congress as a firm making decisions based on their own interests rather than those of their purported clients. See H.R. Rep. No. 104-050, at 16 (1996), S. Rep. No. 104-098, at 6 (1995); see also Gluck v. CellStar Corp., 976 F. Supp. 542, 549 (N.D. Tex. 1997). Defendants do not believe that any

US_ACTIVE:\43250561\01\79204.0028

8

explanation regarding the history of, or reasons for, the enactment of the securities laws is necessary and believe that no such instruction should be given.

Defendants do not object to the remainder of the instruction.

### THE COURT'S PROPOSED JURY CHARGE NO. 22

#### *Elements of Section 10(b) Claim*

Plaintiffs claim that defendants Vivendi, Jean-Maire Messier, and Guillaume Hannezo violated Section 10(b) of the Securities Exchange Act of 1934 and the SEC's Rule 10b-5. From now on, I will use "Section 10(b)" to refer to both the Section and the Rule.

To prevail on their Section 10(b) claim against any defendant, plaintiffs must prove, in connection with the purchase and sale of a security, each of the following elements by a preponderance of the evidence as to that defendant:

(1) the defendant made an untrue statement of material fact (a "misstatement"), or omitted to state a material fact which made what was said, under the circumstances, misleading (an "omission");

(2) the defendant acted with a particular state of mind, which is called "scienter"—that is, knowingly or recklessly (as I will define for you shortly);

(3) plaintiffs justifiably relied on the misstatement or omission; and

(4) plaintiffs suffered economic loss as a result of the misstatement or omission.

If you find that the plaintiffs have proven each of the above elements as to a particular defendant, your verdict should be for the plaintiffs and against that defendant. If you find that the plaintiffs have not proven each of the above elements as to a particular defendant, your verdict should be for that defendant and against the plaintiffs.

### DEFENDANTS' RESPONSE AND OBJECTION TO THE COURT'S PROPOSED JURY CHARGE NO. 22

Defendants object to The Court's Proposed Jury Charge No. 22 on the grounds that it is confusing and misstates the law.[1]

Defendants object to the charge's description of the material misstatement requirement of Plaintiffs' Section 10(b) claim. Under the law, Plaintiffs must prove that a defendant made a <u>materially</u> false statement, or a statement that was rendered

---

[1] Defendants also note that this charge contains a typographical error. Jean-Marie Messier's name is spelled incorrectly in the first sentence.

misleading because the defendant omitted material information that was necessary to prevent the statement made from being misleading (see Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 341 (2005) (stating that the "basic elements" of a claim under Section 10(b) include "a material misrepresentation (or omission)" (emphasis added))), not that a defendant made an "untrue statement of material fact" or "omitted to state a material fact." Defendants object to the use of "misstatement or omission" throughout the jury charge and submit that the phrase "false or misleading statement" be used instead to accurately reflect the law and not confuse the jury.

Defendants also object to the charge's description of scienter because it is incomplete and misleading. First, as The Court's Proposed Jury Charge No. 24 reflects, "[s]cienter is a mental state embracing intent to deceive, manipulate, or defraud." Thus, to the extent the instruction on the elements of a Section 10(b) claim defines scienter, this definition should be included. Moreover, while Defendants do not believe that it is necessary to mention in this charge that scienter requires that a defendant make an alleged materially false or misleading statement "knowingly" or "recklessly", if the Court decides to mention that part of the relevant definition of scienter, Defendants believe the complete definition should be provided. The jury should be instructed that recklessness means conscious recklessness: a state of mind approximating actual intent and not merely a heightened form of negligence. See S. Cherry St., LLC v. Hennessee Group LLC, 573 F.3d 98, 109 (2d Cir. 2009). "Consciously reckless" conduct is highly unreasonable conduct that is an extreme departure from the standards of ordinary care, presenting a danger of misleading investors, which is either known to the particular defendant you are considering or is so obvious that the defendant must have been aware of it. See Kalnit v.

Eichler, 264 F.3d 131, 142 (2d Cir. 2001) (quoting Honeyman v. Hoyt (In re Carter-Wallace, Inc. Sec. Litig.), 220 F.3d 36, 29 (2d Cir. 2000)).

## THE COURT'S PROPOSED JURY CHARGE NO. 24

### *Element Two: State of Mind - General*

To satisfy the second element of their 10b-5 claim as to a particular defendant, plaintiffs must prove by a preponderance of evidence that the defendant acted with a particular state of mind known as "scienter."

Scienter is a mental state embracing intent to deceive, manipulate, or defraud. To prove scienter, plaintiffs must prove, by a preponderance of the evidence, that the particular defendant made a materially false statement or omitted to disclose a material fact that needed to be disclosed to keep the statements that were actually made from being misleading with (a) *actual knowledge* that the statement was false or misleading, or (b) with a *reckless* disregard for whether the statement was true of false. It is not enough for plaintiffs to show that the defendant acted accidentally, mistakenly, or negligently.

A defendant's conduct is "reckless" if it is highly unreasonable and represents an extreme departure from the standards of ordinary care, to the extent that the danger was either known to the defendant or so obvious that the defendant must have been aware of it. In the context of securities law, a person acts recklessly if he makes a false statement with a reckless disregard for whether it is true or false. It is not necessary for you to find that the defendant intended to injure the plaintiff, but that he acted in reckless disregard of whether there was a truthful basis in his representations, or in the case of an omission, that he recklessly disregarded the material nature of those omissions.

Under the law, even false representations or statements or omissions of material facts do not amount to fraud unless done recklessly or knowingly. Even if a statement turns out to be false or misleading, it is not fraudulent or deceptive if the defendant had a good faith belief in the truth or accuracy of the statement at the time he made the statement.

In considering whether or not a defendant acted in good faith, you are instructed that a belief by a defendant, if such belief existed, that ultimately everything would work out so that no one would lose any money does not require a finding by you that he acted in good faith. No amount of good faith belief on the part of a defendant that investors will ultimately make a profit will excuse fraudulent actions.

In this case, the defendants each contend that one reason they did not act with scienter is because they relied in good faith on the advice of their auditors. To decide whether the defendant's reliance was in good faith, you should consider whether the defendant made a complete disclosure of all relevant facts to the auditor(s); whether the defendant received professional advice from the auditor(s) that the statements in question did not violate accounting rules; and whether the defendant relied

on that advice in good faith in making his statements or omitting to make disclosure on the subject on which the advice was received.

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proven directly because there is no way of directly scrutinizing the workings of the human mind. In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done by that person and all other facts and circumstances received in evidence which may aid your determination of that person's knowledge or intent. You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

For you to find that Vivendi, which can only act through its agents and employees, had the required state of mind for a statement, plaintiffs must prove that Mr. Messier, Mr. Hannezo, or any other Vivendi agent or employee made the statement to the public with the required state of mind while acting within the scope of his or her authority. In other words, you must attribute to Vivendi the mental state possessed by the Vivendi agent or employee who made the statement.

## **DEFENDANTS' RESPONSE AND OBJECTION TO THE COURT'S PROPOSED JURY CHARGE NO. 24**

Defendants object to The Court's Proposed Jury Charge No. 24 because it is confusing, misstates the law, and is incomplete.[2]

Paragraph three of the charge is incomplete and misstates the law because it does not properly explain the "recklessness" standard to the jury. Specifically, recklessness is correctly defined as "a highly unreasonable omission, involving not merely simple, or even inexcusable negligence." See In re Livent, Inc. Sec. Litig., 148 F. Supp. 2d 331, 349 n.3 (S.D.N.Y. 2001) (internal citations omitted); SEC v. Price Waterhouse, 797 F. Supp. 1217, 1240 (S.D.N.Y. 1992); Singer v. Livoti, 741 F. Supp.

---

[2] Defendants also note that there is a typographical error in the penultimate sentence in the second paragraph. The sentence should state "(b) with a *reckless* disregard for whether the statement was true or false." (emphasis added).

1040, 1043 (S.D.N.Y. 1990). Indeed, courts have held that reckless disregard for the truth means "conscious recklessness", which is a state of mind approximating actual intent, and not merely a heightened form of negligence. See S. Cherry St., LLC, 573 F.3d at 109. The conscious recklessness standard is a much higher standard than the charge suggests.

Defendants also object to paragraph five of the charge because it is unduly prejudicial to Defendants. This instruction implies that a defendant who is optimistic about a company's future and who makes statements that amount to no more than puffery is not acting in good faith. This is not the law. See Podany v. Robertson Stephens, Inc., 318 F. Supp. 2d 146, 154 (S.D.N.Y. 2004). Defendants submit that this paragraph be deleted. If the Court decides not to delete this paragraph, Defendants request that the paragraph be reworded to state "In considering whether a defendant acted in good faith, you are instructed that no amount of good faith belief on the part of a defendant that investors will ultimately make a profit will excuse fraudulent actions."

Defendants also object to the use of the word "should" in the following sentence, which appears in the sixth paragraph: "To decide whether the defendant's reliance was in good faith, you should . . . ." Defendants respectfully submit that the word "may" must replace the word "should to accurately reflect the law.

Dated:  January 6, 2010         Respectfully Submitted,
        New York, New York

                                _____
Paul C. Saunders, Esq.          James W. Quinn, Esq.
Daniel Slifkin, Esq.            Penny P. Reid, Esq.
Timothy G. Cameron, Esq.

CRAVATH, SWAINE & MOORE LLP     WEIL, GOTSHAL & MANGES LLP
Worldwide Plaza                 767 Fifth Avenue
825 Eighth Avenue               New York, NY 10153
New York, NY 10019              (212) 310-8000
(212) 474-1000

*Attorneys for Defendant Vivendi, S.A.*    *Attorneys for Defendant Vivendi, S.A.*


Martin L. Perschetz, Esq.       Michael J. Malone, Esq.
Michael E. Swartz, Esq.         Paul A. Straus, Esq.
Einat Philip, Esq.

SCHULTE ROTH & ZABEL LLP        KING & SPALDING LLP
919 Third Avenue                1185 Avenue of the Americas
New York, NY 10022              New York, New York 10036

*Attorneys for Defendant Guillaume Hannezo*    *Attorneys for Defendant Jean-Marie Messier*