UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE VIVENDI UNIVERSAL, S.A.,
SECURITIES LITIGATION

02 Civ. 5571 (RJH)

**MEMORANDUM OPINION & ORDER**

Richard J. Holwell, *District Judge*:

      Before the Court is the plaintiffs' motion for entry of judgment as to the claims of ordinary-share purchasers pursuant to Federal Rule of Civil Procedure 54(b), filed on April 8, 2011. For the reasons stated herein, the plaintiffs' motion is DENIED.

## BACKGROUND

      On March 22, 2007, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, the Court granted in part a motion to certify a class "consisting of all persons from the United States, France, England, and the Netherlands who purchased or otherwise acquired ordinary shares or American Depository Shares of Vivendi Universal, S.A. [("Vivendi" or "Company")] . . . ." *In re Vivendi Universal, S.A. Sec. Litig.*, 242 F.R.D. 76, 109 (S.D.N.Y. 2007) ("*Vivendi I*"). The certified class ("Class Plaintiffs") proceeded to litigate a class action ("Class Action"), resulting in a three-month-plus jury trial before the Court during late 2009 and early 2010. *See In re Vivendi Universal, S.A. Sec. Litig.*, 765 F. Supp. 2d 512, 523–24 (S.D.N.Y. 2011) ("*Vivendi II*"). After trial, the jury found that the defendants had violated Section 10(b) of the Securities Exchange Act of 1933, 15 U.S.C. § 78j(b), as to all fifty-seven misstatements alleged in the Class Plaintiffs' complaint. *See id.* at 524. After the jury rendered its verdict, the parties commenced preparation for the claims process, which remains pending. *See* Mot. to

Approve Post-Verdict Class Notice and Claims Administration and to Require Vivendi to Pay for Those Procedures (Sept. 21, 2011) (ECF No. 1100).

Several months later, on June 24, 2010, the Supreme Court issued its opinion in *Morrison v. National Australia Bank Ltd.*, --- U.S. ---, 130 S. Ct. 2869 (2010). The *Morrison* Court "concluded that Section 10(b) [of the Exchange Act] does not apply extraterritorially," *Vivendi II*, 765 F. Supp. 2d at 526, and held that "Section 10(b) reaches the use of a manipulative or deceptive device or contrivance only in connection with the purchase or sale of a security listed on an American stock exchange, and the purchase or sale of any other security in the United States," *Morrison*, 130 S. Ct. at 2888. On February 17, 2011, applying *Morrison*—which had upended Second Circuit precedent on the issue, *see Vivendi II*, 765 F. Supp. at 526–27—this Court dismissed the Section 10(b) claims brought by ordinary shareholders of Vivendi securities in the Class Action. *See id.* at 533–34.

On March 9, 2011, the Class Plaintiffs filed a Rule 23(f) petition with the Second Circuit, seeking leave to appeal the Court's dismissal of the Section 10(b) claims of ordinary shareholders. *See* Motion for Leave to Appeal, *In re Vivendi Universal S.A.*, No. 11-908 (2d Cir. Mar. 9, 2011) (ECF No. 1). Shortly thereafter, the Class Plaintiffs filed the instant motion with this Court, requesting that, in the event that the Second Circuit concluded "that Rule 23(f) is not the appropriate procedural vehicle for seeking immediate appellate review of this Court's *Morrison* rulings, . . . the Court enter a Rule 54(b) judgment as an appropriate alternative method of appeal." Mem. in Supp. of Pls.' Mot. for Entry of J. as to the Claims of Ordinary Share Purchasers Pursuant to Fed. R. Civ. P. 54(b) ("Pls.' Mem.") at 4 (Apr. 8, 2011) (ECF No. 1087).

On July 20, 2011, a three-judge Second Circuit motions panel denied the Class Plaintiffs' Rule 23(f) petition, concluding that "the issues raised by the petition do not relate to the class

certification requirements of Rule 23 and the petitioners have not demonstrated that the relevant issues are likely to escape effective review after entry of final judgment, or that the district court's decision is manifestly erroneous." Order ("R. 23(f) Order") at 2, *In re Vivendi Universal S.A.*, No. 11-908 (2d Cir. July 20, 2011) (ECF No. 19).

The Second Circuit's decision leaves the instant motion as the Class Plaintiffs' lone remaining procedural vehicle for challenging the Court's application of *Morrison* before entry of final judgment on all claims, which will take place only after the conclusion of the claims process. The motion being fully briefed,[1] the Court now turns to its resolution.

## LEGAL STANDARD

Rule 54(b) of the Federal Rules of Civil Procedure provides that "[w]hen an action presents more than one claim for relief . . . , the court may direct entry of a final judgment as to one or more, but fewer than all, claims . . . only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). "Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims . . . does not end the action as to any of the claims . . . ." *Id.* The Second Circuit has explained that Rule 54(b) is "an exception to th[e] general principle" that, "in the federal district courts, the entry of a final judgment is generally appropriate 'only after all claims have been adjudicated.'" *Novick v. AXA Network, LLC*, 642 F.3d 304, 310 (2d Cir. 2011) (quoting *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 629 (2d Cir. 1991)); *accord Curtiss-Wright Corp. v. Gen. Electric Co.*, 446 U.S. 1, 8 (1980) (discussing the "historic federal policy against piecemeal appeals" (internal quotation marks omitted)). The Second Circuit has cautioned that the district court's discretion under Rule 54(b) to grant the entry of a "final judgment before the entire case is concluded, thereby permitting an

---

[1] The plaintiffs elected not to file a Reply memorandum here.

aggrieved party to take an immediate appeal, [should] be exercised sparingly." *Novick*, 642 F.3d at 310 (internal quotation marks omitted).

In addition to Rule 54(b)'s requirements that there be multiple claims and that at least one of those claims have been finally determined, a party seeking relief under the Rule must demonstrate that there is no just reason for delay. *Uni-Rty Corp. v. Guandgdong Bldg., Inc.*, 249 F.R.D. 149, 151 (S.D.N.Y. 2008). In order to provide an "express determination that there is no just reason for delay," *Novick*, 642 F.3d at 310 (internal quotation marks omitted), "the court must provide a 'reasoned,' even if brief, 'explanation' of its considerations," taking into "account . . . both the policy against piecemeal appeals and the equities between or among the parties," *id.* (quoting *Harriscom*, 947 F.2d at 629). "It [i]s therefore proper for the District Judge . . . to consider such factors as whether the claims under review [a]re separable from the others remaining to be adjudicated and whether the nature of the claims already determined [i]s such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright*, 446 U.S. at 8. "In applying these principles," the Second Circuit has "repeatedly noted that the district court generally should not grant a Rule 54(b) certification if the same or closely related issues remain to be litigated," and that "[i]t does not normally advance the interests of sound judicial administration or efficiency to have piecemeal appeals that require two (or more) three-judge panels to familiarize themselves with a given case in successive appeals from successive decisions on interrelated issues." *Novick*, 642 F.3d at 311 (internal quotation marks omitted) (citing *Harriscom*, 947 F.2d at 629, 631). "Finally, . . . it is incumbent upon a party seeking immediate relief in the form of a Rule 54(b)

judgment to show not only that the issues are sufficiently separable to avoid judicial inefficiency but also that the equities favor entry of such a judgment."[2]  *Id.* at 314.

## DISCUSSION[3]

I. Policy Against Piecemeal Appeals

The Class Plaintiffs argue that the "ordinary share purchasers' claims have been fully adjudicated and are ripe for appellate review," and that therefore their motion should be granted. Pls.' Mem. at 5.  They cite a Seventh Circuit case, *Nat'l Metalcrafters v. McNeil*, 784 F.2d 817 (7th Cir. 1986), for the proposition that "'[a]n order that disposes finally of a claim against one party to the suit can be certified for an immediate appeal under the rule even if identical claims remain pending between the remaining parties.'"  Pls.' Mem. at 5–6 (brackets in original) (quoting *McNeil*, 784 F.2d at 821).  But while the plaintiffs might prefer Seventh Circuit law, the Second Circuit is clear that, in order to prevail on their motion, the plaintiffs must "show . . . that the issues [in the case] are sufficiently separable to avoid judicial inefficiency," *id.*

The Court is not convinced that such is the case.  Surprisingly, the plaintiffs do not even proffer any arguments to the contrary to the Court in their briefing on this motion.  The plaintiffs instead rely on the argument that the Court's application of *Morrison* in *Vivendi II* "present[s] substantial legal issues warranting appellate review."  Pls.' Mem. at 6.  But that argument is of no moment.  *See Cornwell v. Credit Suisse Grp.*, 270 F.R.D. 145, 147 (S.D.N.Y. 2010) (denying a Rule 54(b) motion because "speculation" about the importance of an appeal on a legal issue cannot "serve as sufficient ground to warrant a Rule 54(b) certification").  More relevant to the

---

[2] These inquiries are not independently determinative; rather, they are subject to a balancing test.  *See Curtiss-Wright*, 446 U.S. at 8 n.2 ("For example, if the district court concluded that there was a possibility that an appellate court would have to face the same issues on a subsequent appeal, this might perhaps be offset by a finding that an appellate resolution of the certified claims would facilitate a settlement of the remainder of the claims.").

[3] Because it is clear that the plaintiffs' motion both concerns multiple claims and involves a final adjudication of one claim, the Court proceeds directly to discuss only the analysis concerning whether it can make an "express determination that there is no just reason for delay," *Novick*, 642 F.3d at 310 (internal quotation marks omitted).

Court's inquiry here, though, the Second Circuit, in *Cullen v. Margiotta*, 618 F.2d 226 (2d Cir. 1980), reversed a district court's Rule 54(b) certification, concluding that "[j]udicial economy will best be served by delaying appeal until all issues can be confronted by th[e appellate] court in a unified package . . . ." *Id.* at 228. The court explained that such an outcome was "particularly" appropriate where "the adjudicated and pending claims are closely related and stem from essentially the same factual allegations." *Id.*

The same is true here. The claims in this action—a complex securities-fraud case that produced a three-month trial—are undoubtedly of the same character as those in *Cullen*: "closely related and stem[ming] from essentially the same factual allegations," *id.* While it would be conceivable for an appellate panel to address the *Morrison* questions, as a purely legal matter, separately from its review of the remainder of the issues presented in an appeal of the Class Action judgment, the Court believes that it would not "advance the interests of sound judicial administration or efficiency to have piecemeal appeals that require two (or more) three-judge panels to familiarize themselves with [the] . . . case in successive appeals from successive decisions on interrelated issues," *Novick*, 642 F.3d at 311 (internal quotation marks omitted). The Court therefore concludes that the plaintiffs have not satisfied this particular burden in moving under Rule 54(b).

II. Equities Between the Parties

As stated above, even though the Court has determined that judicial efficiency will not be served by certifying a partial appeal here, the plaintiffs could still prevail on the motion if they are able to demonstrate prejudice—"some danger of hardship or injustice," *Hogan v. Consol. Rail Corp.*, 961 F.2d 1021, 1025 (2d Cir. 1992)—of such a character as to "offset" the Court's efficiency conclusion. *See Curtiss-Wright*, 446 U.S. at 8 n.2. Alas: They have not.

The Class Plaintiffs contend that, should their motion be denied, ordinary-share purchasers in the Class Action "will suffer undue prejudice because they will have to await final judgment in the case before seeking [appellate] review," even after "hav[ing] already been subject to lengthy and protracted litigation." Pls.' Mem. at 6. The plaintiffs liken that scenario to "be[ing] held hostage as a party to this case." *Id.* But awaiting final judgment before seeking appellate review is a far cry from a hostage situation. *See Hogan*, 961 F.2d at 1025 (reversing a district court's grant of a Rule 54(b) motion where the district court did not identify any "unusual hardship in requiring [the] plaintiff and [the defendant] to await, in accordance with normal federal practice, the disposition of the entire case before obtaining appellate review . . . ."). Indeed, the very nature of Rule 54(b) relief lies in its status as an "exception to th[e] general principle" that the federal courts disfavor piecemeal appeals, *see Novick*, 642 F.3d at 310.

The plaintiffs do not identify any cases in which prejudice similar to that upon which they rely here helped justify certification pursuant to Rule 54(b). Nor has the Court found any through its own efforts. This is not a case in which "an expensive and duplicative trial could be avoided if, without delaying prosecution of the surviving claims, a dismissed claim were reversed in time to be tried with the other claims," *Cullen*, 811 F.2d at 711. Nor does the instant motion concern a situation where discovery that would require the participation of a dismissed

party (or involve a dismissed claim) is not yet complete, *see Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, No. 92 Civ. 6879, 1998 WL 647167, at *6 (S.D.N.Y. Sept. 22, 1998), *aff'd*, 106 F.3d 11 (2d Cir. 1997). Because the Court ruled against the plaintiffs pursuant to *Morrison*, there is no prejudice to the plaintiffs due to a delay in recovering a monetary award, *see Curtiss-Wright*, 446 U.S. at 11–12, and the plaintiffs have demonstrated no risk that delay would increase the likelihood that the defendant might "lack the monetary resources and/or liquidity necessary to satisfy [a] large judgment," *Ross v. Thomas*, No. 09 Civ. 5631, 2010 WL 3952903, at *8 (S.D.N.Y. Oct. 7, 2010). Finally, a successful appeal by the plaintiffs here would not potentially "resolve the case in its entirety in [a] single appeal," *Cuoco v. Moritsugu*, 222 F.3d 99, 110 (2d Cir. 2000), and, as Vivendi notes, *see* Defs.' Mem. at 4 & n.3, the substance of the Court's *Morrison* holding has already been appealed to the Second Circuit in various cases, diminishing the prejudice that plaintiffs might suffer by waiting for resolution of the claims process here.

The Court is therefore satisfied that the plaintiffs will not suffer any unusual hardship as a result of the denial of this motion.[4] The plaintiffs have demonstrated the presence of neither prong of the Court's required Rule 54(b) inquiry—judicial efficiency and prejudice—and they have failed to satisfy their burden under the Rule.

## CONCLUSION

For the reasons stated in this Memorandum Opinion & Order, the Court DENIES the plaintiffs' motion for entry of judgment as to the claims of ordinary-share purchasers pursuant to Federal Rule of Civil Procedure 54(b) [ECF No. 1086].

---

[4] Though it is unnecessary to the Court's conclusion, the Court agrees with Vivendi that prejudice might result to the *defendants* were this motion to be granted. For example, the Court credits as legitimate Vivendi's "concern[] that any appeal by Plaintiffs might trigger an obligation on Vivendi's part to raise at the same time all of the other available grounds for affirming the Court's decision," Defs.' Mem. at 6. That would lead to the type of duplicative appeal that the Second Circuit consistently has identified as inappropriate for Rule 54(b) certification.

**SO ORDERED.**

Dated: New York, New York
       February 6, 2012

                                                  Richard J. Holwell
                                            United States District Judge