USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/22/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
:
IN RE VIVENDI UNIVERSAL, S.A.
SECURITIES LITIGATION          :
:
------------------------------------------------------------X

ORDER

02 Civ. 5571 (SAS)

**SHIRA A. SCHEINDLIN, U.S.D.J.**

The parties have raised the issue of how to treat theVivendi Universal, S.A. American Depository Shares ("ADSs") acquired through the three-way merger for purposes of the Claim Form.[1] For the following reasons, those "otherwise acquired" ADSs will be treated as if purchased on December 8, 2000, at an inflated price as set forth in the Verdict Form.

On December 8, 2000, Vivendi Universal, S.A. ("Vivendi Universal" or "VU") was created through a three-way merger among the former Vivendi, S.A., Canal+ and Seagram (the "Predecessor Companies"). Prior to December 8, 2000, Vivendi Universal did not exist as a public company, nor were Vivendi Universal ADSs available for purchase.[2] Yet Judge Richard J. Holwell certified a class "consisting of all persons from the United States, France, England, and the Netherlands who purchased or otherwise acquired ordinary shares or American

---

[1] *See* 8/8/12 Letter from Daniel Slifkin, counsel to Vivendi, S.A. ("Vivendi") ("Def. Ltr."); 8/17/12 Letter from Arthur Abbey, plaintiffs' counsel, at 5 ("Pl. Ltr.").

[2] *See* Def. Ltr. at 1.

Depository Shares of Vivendi Universal, S.A. between October 30, 2000 and August 14, 2002."[3] Moreover, the jury found that Vivendi Universal ADSs were inflated by $0.13 per share from October 30, 2000 through December 8, 2000.[4]

According to Vivendi, "[t]he jury's finding of inflation dating back to October 30, 2000, can only mean one thing: that the price of one or more of VU's Predecessor Companies was inflated as of that date, and that inflation carried over to the newly-formed VU on December 8, 2000."[5] Furthermore, Vivendi seeks to differentiate among the Predecessor Companies on the basis that holders of Vivendi, S.A. and Canal+ ADSs received Vivendi Universal ADSs at fixed ratios while holders of Seagram ADSs obtained Vivendi Universal ADSs pursuant to a "floating" exchange ratio.[6] Defendants thus posit that "it would be reasonable to assume that the price of Seagram ADSs was not inflated prior to the merger."[7]

---

[3] *In re Vivendi Universal, S.A.*, 242 F.R.D. 76, 109 (S.D.N.Y. 2007). Judge Holwell subsequently amended the class definition to exclude purchasers of ordinary shares in light of *Morrison v. National Australia Bank Ltd.*, 130 S. Ct. 2869 (2010). Thus, the amended class consists "of all persons from the United States, France, England and the Netherlands who purchased or otherwise acquired Vivendi ADRs between October 30, 2000 and August 14, 2002." *See In re Vivendi Universal, S.A. Sec. Litig.*, 765 F. Supp. 2d 512, 533-34 (S.D.N.Y. 2011).

[4] *See* Verdict Form, Ex. 1 to Def. Ltr.

[5] Def. Ltr. at 2.

[6] *See id.*

[7] *Id.*

2

Defendants further argue that

> the jury verdict in this case requires that holders of Seagram ADSs – who exchanged fairly-priced Seagram ADSs for inflated VU ADSs – would be deemed to have "purchased" their VU ADSs at an inflated price on December 8, 2000. By contrast, holders of Vivendi, S.A. ADSs and Canal+ ADSs – who simply exchanged one kind of inflated ADSs for another – suffered no damages as a result of the merger.[8]

Accordingly, defendants request that the Claim Form ask Claimants to identify how many Vivendi, S.A. and Canal+ ADSs they held at the start of the Class Period on October 30, 2000.[9]

Vivendi's position is fundamentally flawed because "there was no evidence submitted to the jury regarding the predecessor companies, there were no jury instructions on the issue, and there were no such questions on the verdict form."[10] As stated by Vivendi' "[t]he only evidence of pre-merger inflation came from the testimony of Dr. Nye [plaintiffs' expert"], who testified that such pre-merger inflation was caused by the intention of Vivendi Universal, S.A. to use purchase accounting, and its impact on EBITDA guidance to investors."[11] Thus,

---

[8]  *Id.*

[9]  *See id.* at 3.

[10]  Pl. Ltr. at 5.

[11]  Def. Ltr. at 2.

the misstatements and omissions in the October 30, 2000 Registration Statement concerned the future merged company, Vivendi Universal, not the Predecessor Companies.[12]  Vivendi's request that the Claim Form ask claimants to identify how many ADSs of Vivendi, S.A. and Canal+ they held as of October 30, 2000, is therefore rejected.

Plaintiffs argue that holders of ADSs of the Predecessor Companies only became Class Members when they received Vivendi Universal ADSs in the merger/exchange transaction.[13]  In reconciling the beginning of the Class Period (October 30, 2000) with the date of the merger, plaintiffs offer the following explanation:

> The reason the Class Period starts on October 30, 2000 was and is that the first misstatements and omissions alleged by Plaintiffs were made on that date in the prospectus.  Since the class is explicitly defined to include purchases or other acquisitions of Vivendi Universal securities, and there were no such securities available for purchase in the market until December 8, 2000, it follows that there will be no qualifying transactions during the first 28 ADS trading days of the period . . . .[14]

---

[12]  See Pl. Ltr. at 5.

[13]  See id.

[14]  Id. (emphasis in original).

4

Although I decline to revise the defined Class Period, I now adopt Dr. Nye's proposal for a "Damages Period" beginning on December 8, 2000.[15] For purposes of the Claim Form, those Class Members who received Vivendi Universal ADSs through the merger of the Predecessor Companies will be considered as having otherwise acquired new securities on December 8, 2000. Moreover, those Class Members acquiring Vivendi Universal ADSs through the merger will be treated as having suffered inflation damages of $0.13 per ADS as of December 8, 2000. In sum, for purposes of the Claim Form, Class Members need only submit their transactions in Vivendi Universal ADSs during the Damages Period. Plaintiffs' attorney is directed to circulate copies of this Order to all counsel and the claims administrator.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         August 22, 2012

---

[15] *See id.* at 3, n.2 ("Dr. Nye had proposed to adopt a 'Damage Period' starting on December 8, 2000, not to redefine the Class Period."). The Damages Period ends on August 14, 2002, subject to modification due to the implementation of the ninety-day lookback provision contained in the Private Securities Litigation Reform Act.

## - Appearances -

**For Plaintiffs:**

Arthur N. Abbey, Esq.
Abbey Spanier Rodd & Abrams, LLP
212 East 39th Street
New York, NY 10016
(212) 284-5200

**For Defendants:**

Daniel Slifkin, Esq.
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1438