# Weil, Gotshal & Manges LLP

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**James W. Quinn**
+1 (212) 310-8385
james.quinn@weil.com

BY ECF AND HAND DELIVERY

July 21, 2014

Honorable Shira A. Scheindlin
District Court Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *In re Vivendi Universal, S.A., Securities Litigation*, No. 02-cv-05571 (S.D.N.Y.) (SAS)

Dear Judge Scheindlin:

We write on behalf of defendant Vivendi, S.A. ("Vivendi") in the above-referenced action.

On June 23, 2014, the Supreme Court issued its decision in *Halliburton Co., et al. v. Erica P. John Fund, Inc., f/k/a/ Archdiocese of Milwaukee Supporting Fund, Inc.* ("*Halliburton II*"), 134 S. Ct. 2398 (2014). In light of the Court's decision and reasoning in *Halliburton II*, Vivendi believes that it is entitled to judgment as a matter of law pursuant to Fed. R. Civ. P. 50(b). Accordingly, Vivendi requests leave to file such a motion and a pre-motion conference, in accordance with this Court's rules. S.D.N.Y. L.R. 5.2(b) & 7.1(d); Individual Rules & Procedures Judge Shira A. Scheindlin Rule IV.A.

Under Rule 10b-5 as explained in *Halliburton II*, plaintiffs may not avail themselves of the fraud-on-the-market presumption if the allegedly misleading statements in question had no impact on the market price of defendants' securities: "[P]rice impact is . . . an essential precondition for any Rule 10b-5 class action. While *Basic* allows plaintiffs to establish that precondition indirectly, it does not require courts to ignore a defendant's direct, more salient evidence showing that the alleged misrepresentation did not actually affect the stock's market price and, consequently, that the *Basic* presumption does not apply." *Halliburton II*, 134 S. Ct. at 2416. Further, *Halliburton II* makes clear that the inquiry is focused on the specific misrepresentations at issue: "Now suppose the district court determines that, despite the defendant's study, the plaintiff has carried its burden to prove market efficiency, but that the evidence shows no price impact with respect to the specific misrepresentation challenged in the suit. The evidence at the certification stage thus shows an efficient market, on which the alleged misrepresentation had no price impact." *Id.* at 2415.

At the Class Action trial, however, plaintiffs never attempted to show price impact for the alleged misrepresentations at issue. That is not surprising, given that plaintiffs did not even identify the 57 alleged misrepresentations that ultimately went to the jury until after the close of the evidence. Rather, during fact and expert testimony, plaintiffs treated a list of over 300 statements as an undifferentiated whole—then abandoned most of them at the last moment—in direct contravention of what *Halliburton*

Hon. Shira A. Scheindlin  **Weil, Gotshal & Manges LLP**
July 21, 2014
Page 2

*II* requires. In fact, Vivendi was able to show in closing argument, through a demonstrative chart, that plaintiffs' own expert testimony (Dr. Nye's so-called "Inflation Band") confirmed the absence of any statistically significant price impact on the vast majority of the 25 dates on which the 57 statements were made. That chart, attached hereto, reflects a gaping hole in plaintiffs' proof, entitling Vivendi to judgment as a matter of law.

Vivendi argued at trial that plaintiffs' failure to prove that each of the 57 misstatements had an impact on the market price of the American Depository Shares was fatal to their § 10(b) claim, and sought a jury instruction on price impact. The trial court, however, declined to give the requested instruction. Vivendi again raised this defense a few months later in its Rule 50(b) post-trial motion. Again, however, Judge Holwell rejected Vivendi's argument on the purported basis that "Vivendi has not identified a single case to support this proposition, and the Court is aware of none." *In re Vivendi Universal, S.A. Sec. Litig.*, 765 F. Supp. 2d 512, 561 (S.D.N.Y. 2011). Now there is undoubtedly such a case: *Halliburton II*.

Accordingly, Vivendi respectfully requests that this Court grant it leave to file a new Rule 50(b) motion to address the impact of *Halliburton II* and, should the Court deem it necessary, schedule a pre-motion conference.

Respectfully submitted,

**WEIL, GOTSHAL & MANGES LLP**                **CRAVATH, SWAINE & MOORE LLP**

    /s/ James W. Quinn                                        /s/ Paul C. Saunders
By:   James W. Quinn, Esq.                         By:   Paul C. Saunders, Esq.
      WEIL, GOTSHAL & MANGES LLP                    CRAVATH, SWAINE & MOORE LLP
      767 Fifth Avenue                                          825 Eighth Avenue
      New York, NY 10153                                    New York, NY 10019
      (212) 310-8000                                             (212) 474-1000
      james.quinn@weil.com                                psaunder@cravath.com

cc:   All Counsel of Record (by ECF only)

