

212 EAST 39TH STREET

NEW YORK, NEW YORK 10016

PHONE 212 889 3700

FAX 212 684 5191

www.abbeyspanier.com

**ABBEY SPANIER** LLP

**ATTORNEYS AT LAW**

July 24, 2014

BY ECF AND HAND DELIVERY

The Honorable Shira A. Scheindlin
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1620
New York, NY 10007

  Re: *In re Vivendi, S.A. Securities Litigation,* No. 02 Civ. 5571 (SAS)

Dear Judge Scheindlin:

  This letter is Class Plaintiffs' response to Defendant Vivendi's letter dated July 21, 2014, requesting a pre-motion conference and leave to file another Rule 50(b) motion based on the Supreme Court's June 23 decision in *Halliburton Co., et al. v. Erica P. John Fund, Inc.,* 134 S. Ct. 2398 (2014) ("*Halliburton II*").

  Vivendi's request is a motion for reconsideration with respect to its Rule 50(b) motion filed post-verdict on March 26, 2010 (Dkt. 1022), which Judge Holwell denied on February 22, 2011 (Dkt. 1084, *In re Vivendi, S.A. Securities Litig.,* 765 F. Supp. 2d 512 (S.D.N.Y. 2011). Under this Court's Rule IV.B, motions for reconsideration are not subject to the pre-motion conference process, and Vivendi should not have written its letter. Since it has done so, Plaintiffs feel constrained to respond, in the hope that unwarranted motion practice may be avoided.

  Vivendi proposes to argue that Plaintiffs failed to prove at trial that the alleged misstatements had an impact on the price of the securities at issue. That is *exactly* the same argument that Vivendi made and Judge Holwell rejected on the prior Rule 50(b) motion. In 2010, Vivendi argued that Plaintiffs' inflation evidence "did not correspond in any way to the 57 alleged misstatements." Dkt. 1022 at 41. Judge Holwell described the argument as follows: Vivendi argues "that plaintiffs failed to prove that the fifty-seven misstatements on Table A caused inflation in Vivendi's share price." 765 F. Supp. 2d at 555. He addressed the argument in section II.4(c) of his decision, "Whether the Misstatements Caused Inflation." *Id.* at 561-63.

ABBEY SPANIER, LLP

July 24, 2014
Hon. Shira A. Scheindlin
Page 2 of 3

Over three pages, he discussed and accepted the "maintenance" theory of inflation, citing cases and observing that "[t]his method of proof makes particular sense in cases involving numerous misstatements over an extended time period on the same general topics," and "where a company repeatedly makes statements that omit information about its liquidity risk, it is reasonable to conclude that each misstatement played a role in causing the inflation in the stock price (whether by adding to the inflation or helping to maintain it)...." *Id.* at 562.  More recent authority is in accord with Judge Holwell's decision. *See, City of Livonia Employees' Ret. Sys. v. Wyeth*, 284 F.R.D. 173, 182 (S.D.N.Y. 2012) ("In a case such as this, where Plaintiffs argue that the failure to disclose information . . . made [defendant's] statements misleading, the fact that the stock price did not significantly increase on the days in question is not dispositive.  Put another way, the fact that the stock price remained consistent could, in fact, indicate inflation.").

Vivendi acknowledges that Judge Holwell squarely rejected its argument in 2011, but now contends that *Halliburton II* dictates the opposite result.  That is incorrect.  *Halliburton II* considered a class action timing issue: whether a defendant may seek to rebut the fraud-on-the-market presumption of reliance by showing lack of price impact at the class certification stage of litigation, and held that the defendant may.  134 S. Ct. at 2414.  *Halliburton II* did not change the law regarding the substantive elements of section 10(b) liability, including with respect to loss causation and damages.  Nowhere in the decision is there any holding, finding, or dictum that could be interpreted as requiring a particular type of proof of price impact.  The Court did not consider any arguments about the doctrine of price impact or the maintenance theory of inflation, and did not decide anything on those subjects that could even arguably change existing substantive law.

Vivendi therefore has not offered any reason that this Court should reconsider Judge Holwell's denial of Vivendi's Rule 50(b) motion in 2011.  There has not been any change in controlling law or anything else that could justify revisiting the jury's verdict.  I respectfully request that the Court decline to give further consideration to any such motion.

*** *

For the Court's information, it appears that the claim administration process is drawing to a close, and that most if not all eligibility and calculation issues have been resolved between the parties.  We have a major disagreement concerning Vivendi's proposed discovery to certain class

ABBEY SPANIER, LLP

July 24, 2014
Hon. Shira A. Scheindlin
Page 3 of 3

members with respect to rebutting the presumption of reliance, which will probably reach the Court in the coming few weeks.

Respectfully submitted,

ABBEY SPANIER, LLP

/s/ Arthur  N. Abbey
By:     Arthur N. Abbey
        ABBEY SPANIER, LLP
        212 East 39th Street
        New York, NY 11106
        212-889-3700
        aabbey@abbeyspanier.com

cc:  All Counsel (by ECF)

