**Weil, Gotshal & Manges LLP**

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

BY ECF AND HAND DELIVERY

**James W. Quinn**
+1 (212) 310-8385
james.quinn@weil.com

August 15, 2014

Honorable Shira A. Scheindlin
District Court Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *In re Vivendi Universal, S.A.*, *Securities Litigation*, No. 02-cv-05571 (S.D.N.Y.) (SAS)

Dear Judge Scheindlin:

We write on behalf of defendant Vivendi, S.A. in response to Class Plaintiffs' August 12, 2014 letter to the Court ("Aug. 12 Letter") concerning individualized reliance proceedings. As the Supreme Court recently reaffirmed, "*Basic* . . . afford[s] defendants an opportunity to rebut the presumption of reliance with respect to an individual plaintiff." *Halliburton Co. v. Erica P. John Fund, Inc.*, 134 S. Ct. 2398, 2412 (2014); *see also* Vivendi's July 21, 2014 Letter to the Court (ECF No. 1204). Yet Class Plaintiffs' most recent letter seeks to deprive Vivendi of a meaningful opportunity to pursue such a rebuttal case.

On May 2, 2014, Vivendi provided Class Plaintiffs with draft discovery requests addressing reliance and a *preliminary* list of claimants that Vivendi *may* select for individualized reliance challenges. The claimants included on Vivendi's preliminary list were: (i) those with individual claims valued at or above $2 million; (ii) those affiliated with Longleaf Partners Fund or Southeastern Asset Management, whose reliance we have reason to doubt; and (iii) the Class Representatives, whose individualized reliance was put off until after trial, *at Plaintiffs' request*. *See* Class, Individual & GAMCO Pls.' Mem. 1 (Feb. 23, 2009) ("any individualized issues relating to the Class Representatives . . . can be resolved in a subsequent proceeding . . . .").

Vivendi's May 2 letter asked Class Plaintiffs to provide "any comments" on the draft discovery requests "within seven days" so the parties could attempt to resolve any disagreements. Class Plaintiffs never gave Vivendi a substantive response. Instead, they waited three months and then sent the August 12 Letter directly to the Court.

Class Plaintiffs' most recent letter asks the Court to prohibit Vivendi from meaningfully inquiring into reliance by claimants Vivendi has selected or might select in the future. Instead, Class Plaintiffs ask the Court to allow Vivendi to obtain only "limited written discovery" from just eight claimants (of more than 10,000 claims submitted), after which the Court would "resolve" those eight claimants' reliance by a summary judgment type proceeding. Aug. 12 Letter at 3. This proposal is patently unfair and would

Hon. Shira A. Scheindlin    **Weil, Gotshal & Manges LLP**
August 15, 2014
Page 2

deprive Vivendi of its constitutional right to present every available defense, including through negating the essential reliance element of a securities fraud claim.

Class Plaintiffs would preclude Vivendi from challenging the reliance of claimants associated with Southeastern Asset Management. Class Plaintiffs suggest that some of these claimants had small claims, *see* Aug. 12 Letter at n.2, but in the aggregate these claims amount to $25.7 million. Our preliminary research suggests that during the Class Period, Southeastern and its proprietary fund Longleaf Partners regularly purchased Vivendi ADSs immediately after purportedly corrective disclosures entered the market. We also understand that Southeastern professed to seek out heavily discounted investments trading at 60% or less of Southeastern's own independent appraisal value. We therefore believe that claims based on trades undertaken or advised by Southeastern or Longleaf could be susceptible to reliance challenges. *See GAMCO Investors, Inc. v. Vivendi, S.A.*, 927 F. Supp. 2d 88 (S.D.N.Y. 2013). Vivendi has the right to explore that defense through appropriate discovery.

Class Plaintiffs also seek to preclude Vivendi from demonstrating that the individual Class Representatives did not rely on the alleged misrepresentations, purportedly because the Class Representatives have already presented "copious evidence" of reliance. Aug. 12 Letter at 2. But the Class Representatives assiduously opposed providing that very evidence before trial. Each of them objected to Vivendi's interrogatories regarding reliance on the bare ground that "plaintiff bought and sold Vivendi securities during the Relevant Time Period at the price set by the market and in reliance on the integrity of that price." *See* Retirement Sys. Interrog. Resps. (Aug. 17, 2004), at 17-18; Doniger Interrog. Resps. (Aug. 18, 2004), at 17; Cavanaugh Interrog. Resps. (June 30, 2005), at 15.

What limited evidence exists suggests the Class Representatives may be unable to establish individual reliance. For example, William Cavanaugh appears to have relied on a quotation by Mario Gabelli—the principal of GAMCO—in a magazine article stating that Gabelli "liked Vivendi at $28." Cavanaugh Dep. Tr. (July 29, 2005) 255:12-256:25; *GAMCO Investors*, 927 F. Supp. 2d at 104. The Retirement System's representative, Ricardo Rivera, testified that he "personally [did not] know of [any] fraudulent statements that were made by Vivendi," Tr. (Oct. 22, 2009) 836:24-837:1, and that the plan's decision to transact in Vivendi ADSs during the Class Period was made by the plan's investment manager, which had full discretion to buy and sell securities "without asking [the plan's] board so long as [it] follows the [investment] guidelines," Tr. (Oct. 26, 2009) 871:23-872:2. Vivendi, however, has never had an opportunity to test reliance by that manager. And Mr. Doniger's reliance evidence appears to be limited to invoking the *Basic* presumption by alluding to "the efficiency of the market, which incorporated documents and statements issued in connection with the Merger." Doniger Interrog. Resps., at 17. After *Halliburton II*, that will not suffice to establish this claim element.

The scope of Vivendi's proposed reliance discovery is significantly smaller than that approved in the *Household* securities class action, where *every* claimant was required to answer an interrogatory regarding reliance, or else have the claim dismissed. *See Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*, No. 02 C 5893, 2012 WL 4343223, at *1 (N.D. Ill. Sept. 21, 2012). If Class Plaintiffs have

Hon. Shira A. Scheindlin  **Weil, Gotshal & Manges LLP**
August 15, 2014
Page 3

specific objections to the draft discovery requests that Vivendi has proposed, they should first raise those issues with Vivendi so that the parties can attempt to resolve them without burdening the Court—as Vivendi requested more than three months ago.  The draft discovery requests generally seek documents and information concerning claimants' transactions in Vivendi securities and their (or their advisers') investment philosophy.  Contrary to Class Plaintiffs' representations, the draft requests are fully consistent with the "rough sketch" of individualized reliance proceedings previously set out by the Court, which the Court noted would be "subject to refinement as the claims process proceeds." *In re Vivendi Universal, S.A. Sec. Litig.*, 284 F.R.D. 144, 155 (S.D.N.Y. 2012).

Finally, Class Plaintiffs ask the Court to enter a Rule 54(b) partial judgment for more than $50 million in claims that Class Plaintiffs incorrectly describe as "unopposed."  Vivendi has not finally determined which claims it will leave unopposed.  Vivendi's May 2 letter noted that it included only a "preliminary" list of claimants who may be subject to reliance challenges, and "expressly reserve[d] the right to assert reliance challenges against additional claimants, or to forgo challenges against [these] claimants . . . , subject to Vivendi's sole discretion."  Class Plaintiffs also ignore Vivendi's recent request to file a renewed motion for judgment as a matter of law on the basis of the Supreme Court's decision in *Halliburton II*.

Remarkably, Class Plaintiffs also completely ignore Vivendi's long-standing efforts—since *October 2013*—to reach a stipulated partial judgment covering a different group of claims that actually are unopposed, comprising the vast majority of all claims submitted.  Specifically, Vivendi proposed waiving its rights to further review of any claims for which the initial determined loss was less than $20,000—more than 98% of the claims filed in this case—in order to expedite entry of a partial judgment and allow appellate review to move forward (in both the Class Action and the Liberty Action, which remains stayed in the Second Circuit).  Although this stipulation would waive substantial rights by Vivendi, and benefit the great majority of the class members, Class Plaintiffs still have not accepted it.  In fact, Class Plaintiffs have not yet responded to the most recent draft of the stipulation furnished by Vivendi on March 18, 2014—five months ago.

Instead of resolving smaller value claims by stipulation, as Vivendi proposed, Class Plaintiffs ask the Court to enter judgment over Vivendi's objection on larger value claims that are not yet even final.  Most of these claims were submitted by institutions or other sophisticated investors.  Of those, claims with significant value may be susceptible to reliance challenges.  The Court should not enter a non-stipulated partial judgment because doing so would deprive Vivendi of its right to challenge reliance.  Of course, that is the purpose of Class Plaintiffs' most recent letter, but it is contrary to law and this Court's prior rulings on the subject.

Hon. Shira A. Scheindlin  **Weil, Gotshal & Manges LLP**
August 15, 2014
Page 4

Respectfully submitted,

/s/ James W. Quinn

James W. Quinn

cc: All Counsel of Record (by ECF only)