UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

IN RE VIVENDI UNIVERSAL, S.A.
SECURITIES LITIGATION

MEMORANDUM OPINION
AND ORDER

02-cv-5571 (SAS)

------------------------------------------------------------X

SHIRA A. SCHEINDLIN, U.S.D.J.:

On July 21, 2014, Vivendi requested that the Court permit it to move for judgment as a matter of law pursuant to Rule 50(b) of the Federal Rules of Civil Procedure.[1] Although Vivendi already moved for judgment as a matter of law, pursuant to Rule 50(b), a motion that was denied more than three years ago,[2] it asserts that it should be permitted to move again because of an intervening change in the law resulting from a June 23, 2014 decision of the United States Supreme Court – *Halliburton Co. et al. v, Erica P. John Fund, Inc.* (*"Halliburton II"*).[3] For

---

[1] *See* 7/21/14 Letter from James W. Quinn, Esq. and Paul C. Saunders, Esq., counsel for Vivendi, to the Court [Dkt. No. 1204]. Plaintiffs responded in a July 24, 2014 letter to the Court from Arthur N. Abbey, Esq. asking that defendant's request be denied [Dkt. No. 1205].

[2] *See In re Vivendi, S.A. Sec. Litig.*, 765 F. Supp. 2d 512 (S.D.N.Y. 2011).

[3] 134 S. Ct. 2398 (2014).

the reasons discussed below, defendant's request to file a new Rule 50(b) motion is denied.

In order to rule on defendant's request, this Court is only required to understand what the Supreme Court held in *Halliburton II* and what it did not. In the Supreme Court's own words, it granted certiorari in *Halliburton II* to address two issues: (1) "to resolve a conflict among the Circuits over whether securities fraud defendants may attempt to rebut the *Basic* [*Inc. v. Levinson*] presumption at the class certification stage with evidence of a lack of price impact"; and (2) "to reconsider the presumption of reliance for securities fraud claims that [the Supreme Court] adopted in *Basic*."[4] The Court said yes to the first question and no to the second. Thus, the holding of *Halliburton II* is unambiguous and clear: "[d]efendants must be afforded an opportunity *before class certification* to defeat the [*Basic*] presumption through evidence that an alleged misrepresentation did not actually affect the market price of the stock."[5]

Nonetheless, Vivendi argues that *Halliburton II* created new law with respect to the requirement that in order to make out a claim under Rule 10b-5 of

---

[4] *Id.* at 2407.

[5] *Id.* at 2417. *See also id.* ("Defendants may seek to defeat the *Basic* presumption at [the class certification] stage through direct as well as indirect price impact evidence.").

the securities laws, a plaintiff must prove that a misleading statement caused an impact on the price of the security. But the Court in *Halliburton II* made clear that this has always been a requirement of a securities fraud case. What *Halliburton II* discussed is when a *defendant* can establish *lack* of price impact.

The Court explained that the *Basic* presumption consists of two separate presumptions. The first is that "if a plaintiff shows that the defendant's misrepresentation was public and material and that the stock traded in a generally efficient market, . . .[there is] a presumption that the misrepresentation affected the stock price [i.e. price impact]."[6] The second presumption is that "if the plaintiff . . . purchased the stock at the market price . . . he is entitled to [the] presumption that he purchased the stock in reliance on the defendant's misrepresentation."[7] The Court declined Halliburton's request that it eliminate the first presumption by noting that defendants have the opportunity to rebut it by showing "that the particular misrepresentation . . . did not affect the stock's market price [i.e. lack of price impact]."[8] Thus, there is no doubt that proof of price impact has always been a part of the equation at the merits stage of a securities fraud case. After

---

[6] *Id.* at 2414.

[7] *Id.*

[8] *Id.*

*Halliburton II*, it will now also be a consideration at the class certification stage.

Given that the issue of whether Vivendi's misstatements caused an impact on the price of the stock has been litigated twice – once at the trial and once during the post-trial motion practice,[9] there is no reason to permit it to be litigated a third time in the district court. Plaintiffs note in their response to Vivendi's request to file a new Rule 50(b) motion that Vivendi raised the identical issue in its post-trial motion. The district court described Vivendi's argument as "plaintiffs failed to prove that the fifty-seven misstatements on Table A caused inflation in Vivendi's share price."[10] The district court then addressed this argument in its decision under the heading: "Whether the Misstatements Caused Inflation."[11] The district court held that plaintiffs had succeeded in proving price impact by showing that the "misstatement[s] played a role in causing the inflation in the stock price (whether by adding to the inflation or helping to maintain it) . . . ."[12]

---

[9] *See* Defendant's Memorandum of Law in Support of Motion for Judgment as a Matter of Law Pursuant to Rule 50(b) [Dkt. No. 1022], at 41 (arguing that Plaintiffs' inflation evidence "did not correspond in any way to the 57 alleged misstatements.").

[10] *Vivendi*, 765. F. Supp. 2d at 555.

[11] *Id.* at 561.

[12] *Id.* at 562. *See also Livonia Emp. Ret. Sys. v. Wyeth*, 284 F.R.D. 173, 182 (S.D.N.Y. 2012) (holding that "the fact that the stock price *remained consistent* could, in fact, indicate inflation") (emphasis added).

*Halliburton II* made no mention of how a plaintiff can prove price impact, and certainly did not address the maintenance theory of inflation relied upon by plaintiffs in *Vivendi*. While this is surely an interesting issue, the district court has made its ruling. Vivendi's opportunity to challenge this theory of price impact, and the adequacy of the proof supporting it, lies with the Court of Appeals and perhaps the Supreme Court. Because this issue has already been fully litigated, and there being no intervening change in the law, Vivendi's request to file a new Rule 50(b) motion is DENIED. A conference to address the issues raised in the parties' most recent letters – August 12, 2014 from the plaintiffs [Dkt. No. 1206] and August 14, 2014 from the defendant [Dkt. No. 1207] – will be held on August 21, 2014 at 3:30 p.m.

                                                                              SO ORDERED:

                                                                              Shira A. Scheindlin
                                                                              U.S.D.J.

Dated:       August 18, 2014
                New York, New York

## - Appearances -

**For Plaintiffs:**

Arthur N. Abbey, Esq.
Abbey Spanier Rodd Abrams & Paradis, LLP
212 East 39th Street
New York, NY 10016
(212) 889-3700

**For Defendants:**

Daniel Slifkin, Esq.
Paul C. Saunders, Esq.
Cravath Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000

James P. Quinn, Esq.
Penny P. Reid, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8000