

212 EAST 39TH STREET

NEW YORK, NEW YORK 10016

PHONE 212 889 3700

FAX 212 684 5191

www.abbeyspanier.com

September 5, 2014

BY ECF AND HAND DELIVERY

The Honorable Shira A. Scheindlin
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1620
New York, NY 10007

    Re:    *In re Vivendi, S.A. Securities Litigation*, No. 02 Civ. 5571 (SAS)

Dear Judge Scheindlin:

    On behalf of Class Plaintiffs in this action, I am writing to respectfully request the Court's assistance because the parties are not in agreement about the matters discussed at our conference on August 21.

    When the parties were before the Court on August 21, Vivendi represented that it would be challenging only approximately 8 (or 9) separate investment advisors or claimants plus 1 or 2 of the class representatives. It was our understanding at the hearing that Vivendi would not (and could not) challenge reliance (or any other element) as to most of the remainder of eligible claimants -- totalling at least some $47 million in claims ($2.5 million of small claimants and some $44.5 million larger (over $20,000 damages) claimants), and that accordingly those claimants or most of them should be in the stipulated judgment.

    However, we have since been told that Vivendi refuses to include *any* of those larger claimants in the judgment, and instead insists on keeping open its ability to challenge reliance for all claimants except the under-$20,000 group. This is also reflected in Vivendi's recent motion requesting entry of final judgment under Rule 54(b) only as to those claims under $20,000. In short, Vivendi proposes to exclude from the judgment 231 claims with eligible damages of $96,350,000. While the group of 1,788 smaller claimants that Vivendi does agree to include represents a high percentage of eligible claims (by number) entitled to damages, they comprise (by damage amount) less than 3% of eligible damages). Thus, rather than the 8 (or 9) specific reliance challenges that would encompass 26 claims discussed at the hearing, Vivendi is still reserving the right to challenge up to 205 additional claimants and would for that reason exclude them from the Rule 54(b) judgment.

    Putting aside whether Vivendi has any conceivable basis for such a challenge, the bottom line is that Vivendi insists on a Rule 54(b) judgment covering only $2.5 million in claims in a case for which eligible claims total over $98 million.[1]

---

[1] Vivendi also proposes entering judgment against the approximately 8,000 claimants (with names listed) whose claims were rejected (mostly because their transactions occurred at times that did not attract damages). Class Plaintiffs' position is that all class members who are not recovering should be covered by eventual entry of final judgment on a class-wide basis.

ABBEY SPANIER, LLP
September 5, 2014
Hon. Shira A. Scheindlin

      The issue of the size of a Rule 54(b) judgment is compounded by Vivendi's current contention that it must remain free to challenge all remaining claimants on reliance grounds - not just those described by Mr. Quinn at the conference. As noted above, the remaining (over-$20,000) claims deemed eligible for damages by GCG number 205 claimants with total damages of approximately $44.5 million. As to that group, Vivendi either did not oppose GCG's determinations as to allowable damages, or, after discussions among counsel, with GCG, and with Special Master Cyganowski, Vivendi (and in some instances Class Plaintiffs) agreed to withdraw their objections to GCG's determinations. The only remaining possible issue for the 205 claimants in this group is reliance.

      Class Plaintiffs respectfully submit that, viewed in light of these facts, which were not put forth at the August 21 conference, it would be folly to proceed to the Second Circuit on the basis Vivendi proposes. We know that the Second Circuit has stayed the related appeals in the Liberty Media and GAMCO cases. It is also clear that an appeals court may decline to consider a Rule 54(b) judgment on appeal (or might stay such an appeal) on the ground that the requirements of Rule 54(b) are not met. *See, e.g., Transport Workers Union of America, Local 100, AFL-CIO v. New York City Transit Authority*, 505 F. 3d 226 (2d Cir. 2007). Entry of a Rule 54(b) judgment covering such a small portion of the eligible damages in this case is not something Class Plaintiffs can in good conscience stipulate to, and we respectfully suggest that such a narrow judgment is unwise and unnecessary.

      Vivendi should accept the reality that it has scant, if any, basis for challenging reliance on the vast majority of claims at issue, and agree to include the other claims -- at least the $47 million in claims described above -- in a stipulated Rule 54(b) judgment. Our common goal is to get to appeal of all of the issues in this litigation as soon as reasonably possible. Seeking an appeal with less than three percent of the damages at issue, and leaving over 90 percent of the damages still subject to litigation in this Court is not a judicious way to achieve this goal.

      I also note that we have not yet heard from Vivendi as to whether it has any basis for contending that it did not have an exhaustive opportunity for discovery of the three named plaintiffs during the pre-trial phase of this case. We believe all three should be included in any Rule 54(b) judgment.

                                      Respectfully submitted,

                                      ABBEY SPANIER, LLP

                                      /s/ Arthur N. Abbey
                                    By:   Arthur N. Abbey
                                             ABBEY SPANIER, LLP
                                             212 East 39th Street
                                             New York, NY 11106
                                             212-889-3700
                                             aabbey@abbeyspanier.com

cc: All Counsel (by ECF)