**Weil, Gotshal & Manges LLP**

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

BY ECF AND HAND DELIVERY

**James W. Quinn**
+1 (212) 310-8385
james.quinn@weil.com

September 8, 2014

Honorable Shira A. Scheindlin
District Court Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *In re Vivendi Universal, S.A., Securities Litigation*, No. 02-cv-05571 (S.D.N.Y.) (SAS)

Dear Judge Scheindlin:

We write on behalf of defendant Vivendi, S.A. in response to Class Plaintiffs' September 5, 2014 letter to the Court ("Sept. 5 Letter"). Plaintiffs do not deny that at the August 21, 2014 hearing they agreed unequivocally to a stipulation and Rule 54(b) judgment that was expressly limited to claims under $20,000 and that would include only one class representative. Plaintiffs assert, however, that they cannot honor that agreement "in good conscience" because of "facts" supposedly "not put forth at the August 21 conference." Sept. 5 Letter at 2. In truth, the purported "facts" Plaintiffs point to were discussed extensively at the August 21 hearing and in the correspondence that precipitated it. The outcome of those discussions was the agreement to enter a Rule 54(b) judgment on the small claims. After expressly entering into that agreement—in open court, on the record—Plaintiffs act as if it never happened. They now ask the Court to enter judgment on the same group of large claims they previously sought judgment for in their August 12, 2014 letter.

The crux of Plaintiffs' August 12 and September 5 letters is their contention that $47 million in large claims are "unopposed." As Vivendi previously explained, that contention is false. Vivendi has never waived—and cannot be forced to waive—its right to challenge the reliance of any large claimant. After Vivendi obtains discovery in the initial reliance challenges and seeks rulings from the Court on any disputed legal issues, it may (or may not) challenge the reliance of other large claimants. The large claims therefore obviously cannot be included in a Rule 54(b) judgment.

The claims that should be included in a Rule 54(b) judgment are the small claims, which comprise approximately 98% of the class and which truly are unopposed as to amount. Vivendi has been trying to finalize these claims since October 2013, when it first proposed waiving its right to review the small claims' sufficiency. The Court gave Plaintiffs a full and fair opportunity at the August 21 hearing to explain why they had not accepted this proposal. The sole objection they raised (which they had never identified before) was a purported jurisdictional issue arising from the exclusion of class representatives. That issue was quickly resolved when Vivendi agreed to include "just one" class representative in the judgment.

Hon. Shira A. Scheindlin  **Weil, Gotshal & Manges LLP**
September 8, 2014
Page 2

The Court needs no reminder about how long this matter has been pending. Vivendi has been trying for a long time to move forward with its appeal so it can erase the incorrect verdicts in this action and the *Liberty Media* action from its balance sheets.

Plaintiffs have professed a desire to proceed with the appeal too. But they have assiduously resisted Vivendi's efforts to do so. In breach of their express agreement, Plaintiffs refuse to enter an *appealable* judgment. They say that "in good conscience" they can only support a *large* judgment, presumably so they can seek a large fee award, even though the claims that would be included in that judgment are still subject to challenge. The Court should hold Plaintiffs to their agreement and proceed to judgment on the small claims, as requested in Vivendi's September 5, 2014 motion.

Respectfully submitted,

/s/ James W. Quinn

James W. Quinn

cc: All Counsel of Record (by ECF only)