UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/29/16
```

IN RE VIVENDI UNIVERSAL, S.A.
SECURITIES LITIGATION

MEMORANDUM OPINION AND ORDER

02-cv-5571 (SAS)

**SHIRA A SCHEINDLIN, U.S.D.J.:**

This matter having come before the Court on the Plaintiffs' Motion for An Award of Attorneys' Fees And Expenses and Reasonable Costs And Expenses for Lead Plaintiffs, and due and adequate notice having been given to the Class as required in the Court's April 6, 2016 Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed and good cause appearing therefore;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Court has jurisdiction over the subject matter of the Class Action and over all members of the Class.

2. Notice of Plaintiffs' Class Counsel's Motion for an Award of Attorneys' Fees and Expenses and Reasonable Costs and Expenses for Lead Plaintiffs was given Class Member Claimants. The form and method of notifying the Class Member Claimants was approved by Order of this Court dated April 6, 2016. The notice given to Class Member Claimants was the best notice practicable under the circumstances. Said notice provided due and adequate notice of these proceedings and of the matters set forth to all persons entitled to such notice, and said notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.

3.     The Court finds that the requested aggregate award of attorneys' fees of one-third (33 1/3%) of the total damage and interest amount (net of Court awarded litigation expenses) payable to Class Member claimants once all judgments and related orders awarding and denying damages in the Action become final and no longer subject to appeal is fair and reasonable. "In a certified class action, the court may award reasonable attorneys' fees and nontaxable costs that are authorized by law."[1] Where the monetary value of the recovery can be assessed, the "overwhelming trend" in the Second Circuit is to use the percentage of the recovery method in assessing the reasonableness of the fee.[2] However, when a percentage of the fund is awarded, district courts are also encouraged to review counsel's lodestar as a "cross-check" to affirm its reasonableness.[3] In *Goldberger v. Integrated Resources, Inc.*, the Second Circuit explained that whether the court uses the percentage-of-the-fund method or the lodestar approach, it should continue to consider the traditional criteria that reflect a reasonable fee in common fund cases, including: the time and labor expended by counsel; the magnitude and complexities of the litigation; risk of litigation; and the quality of representation and the result achieved.[4]

The requested percentage of the fund award is appropriate in light of Plaintiffs' Class Counsel's actual lodestar to date in connection with this complex and novel Action, as well as their level of representation and result achieved on behalf of the Class. During the nearly fourteen years since the commencement of this Action – over which multiple trial judges have presided and in which multiple appeals have been filed – Plaintiffs' Class Counsel has documented 214,418 hours of work. Accordingly, assuming that all currently approved claims included in the

---

[1]     Fed. R. Civ. P. 23(h).
[2]     *In re Platinum & Palladium Commodities Litig.*, No. 10 Civ. 3617, 2015 WL 4560206, at *1 (S.D.N.Y. July 7, 2015).
[3]     *McDaniel v. County of Schenectady*, 595 F.3d 411, 421-22 (2d Cir. 2010).
[4]     209 F.3d 43, 47 (2d Cir. 2000).

Initial Judgment and those claims agreed to by the parties become final, the requested attorneys' fees will compensate only twelve percent of Plaintiffs' Class Counsel's calculated lodestar.[5] Further, this case has presented, and continues to present, significant risk to Plaintiffs' Class Counsel, who obtained a significant jury verdict at trial.

4. The Court also awards Plaintiffs' Class Counsel reimbursement of litigation expenses in the amount of $ 21,456,585.20. The Court finds that the request for reimbursement of expenses is reasonable in light of Plaintiffs' Lead Counsel's vigorous prosecution of this Action, including extensive international travel for discovery; a four-month trial resulting in a jury verdict in favor of the Class; and multiple appeals.

5. Class Representative Plaintiff Bruce Doniger is awarded $ 35,000 as reasonable compensation for his time and devoted efforts in pursuing these difficult, novel, and complex securities law claims in the face of intense opposition from the defendant in this Action.

6. Class Representative Plaintiff Retirement System for General Employees of the City of Miami Beach is awarded $ 35,000 as reasonable compensation for its time and devoted efforts in pursuing these difficult, novel and complex securities law claims in the face of intense opposition from the defendant in this Action.

7. Class Representative Plaintiff William Cavanagh is awarded $ 35,000 as reasonable compensation for his time and devoted efforts in pursuing these difficult, novel and complex securities law claims in the face of intense opposition from the defendant in this Action.

---

[5] Plaintiffs' Class Counsel have stated that their lodestar in this Action to date is $96.3 million, and that the requested fee award based on the current judgment and approved claims is $11.56 million.

8. Former Class Representative Plaintiff Gerard Morel is awarded $ 35,000 as reasonable compensation for his time and devoted efforts in pursuing these difficult, novel and complex securities law claims in the face of intense opposition from the defendant in this Action.

9. Former Class Representative Plaintiff Olivier Gerard is awarded $ 35,000 as reasonable compensation for his time and devoted efforts in pursuing these difficult, novel and complex securities law claims in the face of intense opposition from the defendant in this Action.

10. When all judgments in this Action become final, the Court will determine a procedure for establishing an escrow account into which the aggregate amount of Class Member Claimants' damages and interest for which Vivendi is liable will be deposited and from which attorneys' fees and expenses and Class Representative awards will be paid. The award of attorneys' fees shall be paid to Plaintiffs' Lead Counsel, who may allocate and distribute fees among lead plaintiffs' counsel in a fashion that, in the opinion of Plaintiffs' Lead Counsel, fairly compensates them for their respective contributions in the prosecution of the Class Action.

IT IS SO ORDERED this 29 day of April, 2016.

_____
Shira A. Scheindlin
United States District Judge

The clerk of the court is directed to close this motion (Dkt. #1284).

## - Appearances -

### Lead Counsel for Class Plaintiffs:

Arthur N. Abbey, Esq.
Stephen T. Rodd, Esq.
Abbey Spanier LLP
212 East 39th Street
New York, NY 10016
(212) 889-3700

### Counsel For Class Plaintiffs:

Matthew Gluck, Esq.
Michael C. Spencer, Esq.
Milberg LLP
One Pennsylvania Plaza
New York, NY 10119
(212) 594-5300

### For Defendant:

James W. Quinn, Esq.
Miranda S. Schiller, Esq.
Gregory Silbert, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue, 25th Floor
New York, NY 10153
(212) 310-8000